64 P.3d 687 (2003)
STATE of Washington, Respondent,
v.
Jennifer HUDNALL, Appellant.
No. 29043-0-II.
Court of Appeals of Washington, Division 2.
March 11, 2003.
Christopher William Bawn, Olympia, WA, for Appellant.
Lori Ellen Smi Miller, Sound Bend, WA, for Respondent.
SEINFELD, P.J.
Jennifer Hudnall appeals an amended sentence of 36 months confinement and 24 months community placement for a crime that has a five-year statutory maximum. She contends that statute requires 36 months community placement, leaving a maximum allowable confinement term of 24 months. Because the trial court has authority to modify the period of community custody if there are substantial and compelling reasons for doing so, and because the expiration of a statutory maximum sentence supports the *688 reduction of the community supervision period, we affirm.

FACTS
In 2000, Hudnall entered an Alford[1] plea to charges of assault of a child in the third degree with sexual motivation (Count I) and communication with a minor for immoral purposes (Count II) for offenses committed in March 1999. Her standard range for Count I was one to three months confinement.
In her statement on plea of guilty, Hudnall averred that she understood that "[i]f this crime is a sex offense, the court will order me to serve at least three years of community custody." Clerk's Papers at 12. Although Hudnall agreed to the State's recommendation of a confinement period of one year and a day and 36 months community supervision, the Department of Corrections (DOC) recommended an exceptional sentence of 36 months confinement and 36 months community placement.
The trial court sentenced Hudnall to 36 months confinement and 36 months community placement on Count I, finding in support of its exceptional sentence that Hudnall violated a position of trust.[2] In an earlier opinion, we affirmed the imposition of the exceptional sentence but nonetheless vacated the sentence because it exceeded the five-year statutory maximum for assault of a child in the third degree, a class C felony.[3]
On remand, the trial court imposed an exceptional sentence of 36 months confinement and 24 months community placement. The trial court adopted its findings of fact and conclusions of law from the first sentence; it did not make separate findings or conclusions regarding the exceptional community placement sentence.[4]
Hudnall moves for accelerated review, asserting that former RCW 9.94A.120(10)(a)[5] *689 mandates 36 months community placement and asks this court to set aside her sentence. Subsequent to Hudnall's motion, DOC released Hudnall from confinement into community placement because, including good time credit, she had served her 36 month confinement period in 25 months.

DISCUSSION
Hudnall asserts that the trial court was required to impose 36 months community placement under former RCW 9.94A.120(10)(a). The State responds that the Washington Administrative Code (WAC) and Adult Sentencing Guidelines manual "clearly state that the ranges listed for community custody are not intended to limit a court's authority to impose exceptional sentences for community custody ranges, either above or below the statutory guidelines." State's Response In Opposition To Defendant's Motion for Accelerated Sentence Review at 18.
Hudnall entered an Alford plea to the charge of assault of a child in the third degree, a class C felony. RCW 9A.36.140(2). Class C felonies have a five-year maximum penalty of confinement. RCW 9A.20.021(1)(c). Because Hudnall also pleaded guilty to having sexual motivation, this offense is categorized as a sex offense. See former RCW 9.94A.030(36)(c)(1999).[6]
When sentencing an offender to DOC's custody for a sex offense committed between June 6, 1996, and July 1, 2000, trial courts must include a period of community custody equal to three years or up to the period of earned release, whichever is longer. Former RCW 9.94A.120(10)(a). A trial court may not impose a sentence, including any term of community supervision, community placement, or community custody, that exceeds the statutory maximum for the crime. Former RCW 9.94A.120(14)(1999).[7] Thus, the trial court could not sentence Hudnall in excess of 60 months total confinement and community placement/custody time.
But former RCW 9.94A.390(1999)[8] allows for sentences both above and below the standard range for an offense. When establishing community custody ranges for specified offenses, including sex offences, the Sentencing Guidelines Commission recognized that trial courts may impose exceptional sentences that depart from the community custody ranges. See WAC 437-20-010 (2001).[9] WAC 437-20-010 provides community custody ranges for felonies committed on or after July 1, 2000, and states that the ranges "are not intended to affect or limit the authority to impose exceptional community custody ranges, either above or below the standard community custody range as authorized by RCW 9.94A.120(2) and pursuant to guidelines specified in RCW 9.94A.390."[10]
Further, trial courts may impose exceptional terms of community supervision and community placement. See State v. Bernhard, 108 Wash.2d 527, 741 P.2d 1 (1987) overruled on other grounds, State v. Shove, 113 Wash.2d 83, 776 P.2d 132 (1989) (allowing exceptional term of community supervision); State v. Guerin, 63 Wash.App. 117, 121, 816 P.2d 1249 (1991) (allowing exceptional term of community placement). Under Bernhard, courts may impose "an exceptional sentence to depart from the strictures ordinarily applicable to both the duration and conditions of community supervision under a standard range sentence." Guerin, 63 Wash.App. at 120, 816 P.2d 1249 (emphasis omitted) (citing Bernhard, 108 Wash.2d at 537, 741 P.2d 1). The Bernhard Court reasoned that "the Legislature intended that the exceptional sentencing provisions of the Sentencing Reform Act of 1981, RCW 9.94A (SRA) enable trial courts to tailor sentences for individual situations that do not fit the predetermined structure." Guerin, 63 Wash.App. at 120, 816 *690 P.2d 1249 (citing Bernhard, 108 Wash.2d at 540-42, 741 P.2d 1).
The Guerin Court found that the similarities between community supervision and community placement allowed it to apply the Bernhard rationale. 63 Wash.App. at 120, 816 P.2d 1249. Thus, the Guerin Court affirmed the trial court's imposition of a longer term of community placement than that provided by statute, holding that trial courts may impose exceptional terms of community placement that do not exceed the statutory maximum when community placement is authorized. Guerin, 63 Wash.App. at 121, 816 P.2d 1249.
It is appropriate to apply the Bernhard and Guerin analysis to exceptional terms of community custody, a subcategory of community placement. In re McNeal, 99 Wash. App. 617, 622 n. 9, 994 P.2d 890 (2000). The statutory provisions requiring imposition of community placement and community custody terms use identical mandatory language. Former RCW 9.94A.120(9)(a)(i) and (b)(1999)[11] state that the court shall, in addition to other terms of the sentence, sentence the offender to a term of community placement. Likewise, former RCW 9.94A.120(10)(a) states that the court "shall, in addition to other terms of the sentence, sentence the offender to community custody[.]"
We see no reason to treat community custody exceptional sentences differently. Consequently, when a statute authorizes community custody, trial courts may impose community custody terms longer or shorter than the amount set by statute as long as the overall sentence does not exceed the statutory maximum.
When imposing exceptional sentences, trial courts must find substantial and compelling reasons to support a departure from a standard range sentence. Former RCW 9.94A.120(2)[12]; State v. Taitt, 93 Wash.App. 783, 788, 970 P.2d 785 (1999) (error to impose an exceptional sentence without making a finding of substantial and compelling reasons to justify a downward departure from the sentencing guidelines). This court has already affirmed Hudnall's exceptional confinement sentence. As the record clearly shows, on remand the trial court reduced Hudnall's community placement term below the statutorily required 36 months, so as to permit the entire sentence to fit within the five-year statutory maximum.
The law generally requires explicit findings and conclusions to support an exceptional sentence.[13]See former RCW 9.94A.390; In re Breedlove, 138 Wash.2d 298, 310-11, 979 P.2d 417 (1999). But given that here the record is clear as to the trial court's reason for the reduction in community placement and additional delay will not further the cause of justice, we affirm the sentence. Nonetheless, we remand with instructions to (1) enter a finding for the record that the court is imposing an exceptional sentence below the statutory period for community custody to allow Hudnall to complete her sentence before the expiration of the five-year maximum; (2) to impose 24 months community custody, not community placement; and (3) to reconcile the conflicting terms in Appendix H and the judgment and sentence forms.
We affirm in part and remand for modification of the judgment and sentence.
BRIDGEWATER, J., and ARMSTRONG, J., concur.
NOTES
[1] North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).
[2] The trial court imposed 36 months community placement, but Appendix H to the judgment and sentence specifies a two-year term of community placement for a sex offense committed on or after July 1, 1990. Under former RCW 9.94A.120(10)(a)(1999) recodified as RCW 9.94A.505 and .710(1), Laws of 2001, ch. 10 § 6, the court was required to impose at least three years community custody because Hudnall committed her sex offense after June 6, 1996 but before July 1, 2000. Compare former RCW 9.94A.120(10)(a) with former RCW 9.94A.120(9)(b), recodified as RCW 9.94A.505 and 700(2)(a), Laws of 2001, ch. 10 § 6, which requires a two-year term of community placement for sex offenses committed between July 1, 1990 and July 6, 1996. Thus, the statute required the trial court to impose a term of community custody, not community placement.
[3] See unpublished opinion, State v. Hudnall, 108 Wash.App. 1052, 2001 WL 1301398 (2001).
[4] After the State informed the court of the lack of findings and conclusions on community placement, the trial court stated, "Well, maybe it's a Conclusion of Law but I think we can just say here's what I'm doing and they can obviously tell that I thought that was lawful." Report of Proceedings (7/5/02) at 10.
[5] Hudnall refers to RCW 9.94A.710 in her motion, but because former RCW 9.94A.120(10)(a) was the statute in effect at the time of the offense, we refer to RCW 9.94A.120(10)(a) for the community custody term that courts must impose on sex offenders. See RCW 9.94A.345. Further, the two versions of this statute are substantively the same.

RCW 9.94A.710 provides:
(1) When a court sentences a person to the custody of the department for an offense categorized as a sex offense, including those sex offenses also included in other offense categories, committed on or after June 6, 1996, and before July 1, 2000, the court shall, in addition to other terms of the sentence, sentence the offender to community custody for three years or up to the period of earned release awarded pursuant to RCW 9.94A.728, whichever is longer. The community custody shall begin either upon completion of the term of confinement or at such time as the offender is transferred to community custody in lieu of earned release.
The statute in effect when Hudnall was sentenced, former RCW 9.94A.120(10)(a), provided:
When a court sentences a person to the custody of the department of corrections for an offense categorized as a sex offense committed on or after June 6, 1996, but before July 1, 2000, the court shall, in addition to other terms of the sentence, sentence the offender to community custody for three years or up to the period of earned release awarded pursuant to RCW 9.94A.150 (1) and (2), whichever is longer. The community custody shall begin either upon completion of the term of confinement or at such time as the offender is transferred to community custody in lieu of earned release in accordance with RCW 9.94A.150 (1) and (2).
[6] Recodified as RCW 9.94A.030(38)(c), Laws of 2001, ch. 10 § 6.
[7] Recodified as RCW 9.94A.505(5), Laws of 2001, ch. 10 § 6.
[8] Recodified as RCW 9.94A.535, Laws of 2001, ch. 10 § 6.
[9] WAC 437-20-010 became effective on July 1, 2000.
[10] These statutory provisions are now found at RCW 9.94A.505 and RCW 9.94A.535 respectively.
[11] Recodified as RCW 9.94A.505 and .700, Laws of 2001, ch. 10 § 6.
[12] Recodified as RCW 9.94A.505 and .535, Laws of 2001, ch. 20 § 6.
[13] The trial court "shall set forth the reasons for its decision in written findings of fact and conclusions of law." Former RCW 9.94A.120(3)(1999), recodified as RCW 9.94A.505 and .535, Laws of 2001, ch. 10 § 6. "Written findings ensure that the reasons for exceptional sentences are articulated, thus informing the defendant, appellate courts, the Sentencing Guidelines Commission, and the public of the reasons for deviating from the standard range." In re Breedlove, 138 Wash.2d 298, 311, 979 P.2d 417 (1999).