[No. 52019-9-I. Division One. April 19, 2004.]

THE STATE OF WASHINGTON, *Respondent*, v. TINA SLOAN, *Appellant*.

---

*Christopher H. Gibson* (of *Nielsen, Broman & Koch, P.L.L.C.*), for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Carl A. Colasurdo, Deputy*, for respondent.

ELLINGTON, A.C.J. — The maximum punishment for every offense is set by the legislature. The total punishment, including imprisonment and community custody, may not exceed the statutory maximum. Where a defendant is sentenced to the statutory maximum, and also sentenced to community custody, the judgment and sentence should set forth the statutory maximum and clarify that the term of community custody cannot exceed that maximum.

## BACKGROUND

Tina Sloan pleaded guilty to three counts of rape of a child in the third degree and one count of child molestation in the third degree. The trial court sentenced her to the statutory maximum of 60 months' confinement for each count, to be served concurrently. In addition, the court imposed 36 to 48 months' community custody.

Sloan objected to the community custody provision of her sentence, arguing that upon her release from prison, she will have served the statutory maximum. The court declined to strike it, but agreed to insert the following qualification: "Defendant is not to be incarcerated for any violations as upon her release she will have served the maximum time allowed."[1] Sloan appeals.

## DISCUSSION

■ The Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, requires community custody for most sex offenders:

> When a court sentences a person to the custody of the department [of corrections] for a sex offense not sentenced under RCW 9.94A.712, . . . the court shall in addition to the other terms of the sentence, sentence the offender to community custody for the community custody range established by RCW 9.94A.850 or up to the period of earned early release awarded pursuant to RCW 9.94A.728(1) and (2), whichever is longer.

RCW 9.94A.715(1). Except as relates to collection of restitution, a sentence may not exceed the statutory maximum term set by the legislature. RCW 9.94A.505(5). Sloan maintains that her total sentence was more than the statutory maximum of 60 months' confinement, and exceeded the court's authority.

---

[1] Clerk's Papers at 60. This remark seems to imply that Sloan will be subject to the conditions of community custody but will not be penalized for failure to comply. This is incorrect. When Sloan is released, she will either have served her full sentence, in which case she is not subject to further supervision, or be on community custody and required to comply with its conditions.

We rejected a similar argument in *State v. Vanoli*, 86 Wn. App. 643, 937 P.2d 1166 (1997). Vanoli was convicted on drug charges carrying a maximum sentence of 10 years. He was sentenced to 120 months' confinement, plus 12 months of community supervision. He argued the aggregate sentence exceeded the statutory maximum. We rejected this argument, and held that Vanoli's sentence did not exceed the maximum because prisoners who earn early release credits, and transfer to community custody status in lieu of earned early release, have not yet served the maximum. *Vanoli*, 86 Wn. App. at 655 (citing former RCW 9.94A-.150(1), (2), *recodified as* RCW 9.94A.728 (Laws of 2001, ch. 10, § 6)). If Vanoli is released from prison before he serves a full 10 years, because of the number of early release credits he has earned, he will serve the community supervision ordered in his judgment and sentence up to the 10-year maximum. On the other hand, if he earns no early release time and serves the entire sentence, he will be released with no further obligation. "Under neither of these scenarios will Vanoli serve more than the statutory maximum sentence of 120 months." *Vanoli*, 86 Wn. App. at 655.

The same is true here. Sloan was sentenced to the statutory maximum, but she may earn early release credits and transfer to community custody before serving the entire term. RCW 9.94A.728(1), (2)(b). In that event, Sloan will remain in community custody for up to the statutory range of 36 to 48 months, but no longer than the 60-month maximum term. In no event will she serve more than the statutory maximum sentence.

Sloan argues *Vanoli* was wrongly decided. She contends an individual who has served the statutory maximum may nevertheless be forced to comply with conditions of community custody, and may be jailed for noncompliance if her community corrections officer (CCO) fails to appreciate the situation. While we are inclined to give CCOs more credit than this, we recognize that sentences like Vanoli's and Sloan's may generate uncertainty in some circumstances. To avoid confusion, therefore, when a court imposes com-

munity custody that could theoretically exceed the statutory maximum sentence for that offense, the court should set forth the maximum sentence and state that the total of incarceration and community custody cannot exceed that maximum.

"Where a sentence is insufficiently specific about the period of community placement required by law, remand for amendment of the judgment and sentence to expressly provide for the correct period of community placement is the proper course." *State v. Broadaway*, 133 Wn.2d 118, 136, 942 P.2d 363 (1997). Accordingly, we remand for clarification of Sloan's judgment and sentence.

BAKER and APPELWICK, JJ., concur.