161 P.3d 483 (2007)
In Re Postsentence Petition of Christopher SMITH.
State of Washington, Department of Corrections, Petitioner,
v.
Christopher M. Smith, Respondent.
No. 58447-2-I.
Court of Appeals of Washington, Division 1.
July 9, 2007.
As Amended July 16, 2007.
*484 Ronda Denise Larson, Atty. Generals Ofc./C.J. Division, Olympia, WA, for Petitioner.
Prosecuting Atty. King County, King Co. Pros./App. Unit Supervisor, James Morrissey Whisman, King County Prosecutor's Office, Susan F. Wilk, Washington Appellate Project, Seattle, WA, for Respondent.
COLEMAN, J.
¶ 1 In its postsentence petition, the Department of Corrections (DOC) contends that trial courts may not impose exceptional terms of community custody. Washington courts, however, have disagreed, interpreting the trial court's statutory authority to impose exceptional sentences to include exceptional community custody terms. Thus, we deny the petition.

FACTS
¶ 2 Christopher Smith pleaded guilty to first degree rape of a child. Smith's standard sentencing range was 93 to 163 months. Because of Smith's developmental delays, both his counsel and the prosecutor acknowledged to the court that his case posed difficulties under the standard sentencing grid. Smith requested an exceptional sentence downward, and the State requested a sentence at the low end of the standard range.
¶ 3 The trial court sentenced Smith to six months of confinement  an exceptional sentence below the standard range  but imposed a community custody period that was commensurate with the standard-range confinement period:
At this time I do find that there are substantial and compelling reasons to justify a sentence below the standard range. This Court finds that a mitigating factor exists in that the defendant's capacity to appreciate the wrongfulness of his conduct was significantly impaired.
I am going to impose six months of jail, with credit for 80 days served. I'm going to require Mr. Smith to be on community custody for a period of 36 to 48 months. Which is within the standard range for community custody.
Verbatim Report of Proceedings (Mar. 24, 2006) at 13. When the DOC reviewed Smith's judgment and sentence, it requested clarification from the court as to whether an exceptional community custody sentence was intended. The prosecutor responded that the court intended the sentence as imposed. The DOC then petitioned that the case be remanded for resentencing.

*485 ANALYSIS

¶ 4 RCW 9.94A.535 authorizes exceptional sentences: "The court may impose a sentence outside the standard sentence range for an offense if it finds, considering the purpose of this chapter, that there are substantial and compelling reasons justifying an exceptional sentence." The DOC argues that "standard sentence range" refers to confinement and that this statute therefore authorizes only exceptional sentences of confinement because it does not mention any other types of sentences (such as community custody).
¶ 5 Furthermore, RCW 9.94A.545 specifies that sentences of a year or less confinement can be followed by up to one year of community custody.
Except as provided in RCW 9.94A.650 and in subsection (2) of this section, on all sentences of confinement for one year or less, in which the offender is convicted of a sex offense, a violent offense, a crime against a person under RCW 9.94A.411, or felony violation of chapter 69.50 or 69.52 RCW or an attempt, conspiracy, or solicitation to commit such a crime, the court may impose up to one year of community custody, subject to conditions and sanctions as authorized in RCW 9.94A.715 and 9.94A.720.
RCW 9.94A.545(1) (emphasis added). The DOC argues that this statute clearly prohibits any term of community custody that is longer than one year if a confinement sentence is a year or less, and the trial court therefore exceeded its authority in sentencing Smith to a 36- to 48-month term of community custody on a 6-month confinement sentence. The DOC contends that the trial court was required to follow the one-year limit on community custody found in RCW 9.94A.545(1) because trial courts are not authorized to impose exceptional terms of community custody.
¶ 6 In State v. Hudnall, 116 Wash. App. 190, 64 P.3d 687 (2003), however, the court concluded otherwise. In this Division Two case, the court relied on a line of cases  holding that trial courts may impose exceptional community supervision conditions and exceptional community placement terms  to conclude that trial courts may impose exceptional terms of community custody.[1]
¶ 7 In the first of the line of cases, State v. Bernhard, 108 Wash.2d 527, 741 P.2d 1 (1987) overruled in part on other grounds, State v. Shove, 113 Wash.2d 83, 776 P.2d 132 (1989), the trial court sentenced the defendant to an in-patient drug treatment facility rather than a work-release facility as recommended by the State. The State appealed the sentence, arguing that the trial court could not sentence the defendant to participate in treatment as part of a standard-range community supervision sentence, and the Washington Supreme Court agreed. But the court went on to examine the Sentencing Reform Act's (SRA) statutory language and legislative history to determine whether the trial court had authority to sentence the defendant to treatment as an exceptional community supervision condition. The court concluded that the Legislature intended that the SRA's exceptional sentence provision was intended to authorize courts to tailor the sentence  as to both the length and the type of punishment imposed  to the facts of the case, recognizing that not all individual cases fit the predetermined structuring grid. Therefore, the court concluded that the SRA authorized the trial court's exceptional sentence outside the standard range of community supervision conditions.
¶ 8 The Bernhard reasoning was applied to affirm an exceptional community placement *486 term in State v. Guerin, 63 Wash.App. 117, 121, 816 P.2d 1249 (1991). The Guerin court reasoned that the similarities between community supervision and community placement suggest that exceptional community placement terms are authorized for the same reasons that exceptional community supervision conditions were authorized in Bernhard. The Guerin court thus affirmed the imposition of a term of community placement longer than that provided by statute.
¶ 9 And in Hudnall, the court applied the Bernhard reasoning to affirm an exceptional term of community custody, which is a subset of community placement. The court concluded that, following Bernhard and Guerin, "when a statute authorizes community custody, trial courts may impose community custody terms longer or shorter than the amount set by statute as long as the overall sentence does not exceed the statutory maximum." Hudnall, 116 Wash.App. at 197, 64 P.3d 687.
¶ 10 The DOC argues that Hudnall is factually distinguishable because the trial court there imposed an exceptionally short period of community custody only because the standard period would have exceeded the statutory maximum. While Hudnall is indeed factually different than Smith's case, the court in no way limited its conclusions to factually similar situations. The trial court here imposed a sentence tailored to Smith's particular case, which is precisely the type of action that the Bernhard, Guerin, and Hudnall courts agreed was intended by the SRA's exceptional sentence provisions.
¶ 11 Furthermore, Hudnall's conclusion is consistent with WAC 437-20-010, which sets community custody ranges. The regulation states, "The ranges specified in this section are not intended to affect or limit the authority to impose exceptional community custody ranges, either above or below the standard community custody range[.]" The Legislature has had ample opportunity to correct this regulation or Hudnall if either had misconstrued the intent of the SRA. Because the Legislature has taken no such action, we may presume the Legislature approves of the Hudnall court's interpretation of the exceptional sentence statutes. See State v. Coe, 109 Wash.2d 832, 845-46, 750 P.2d 208 (1988). For the foregoing reasons, we deny the DOC's postsentence petition.[2]
WE CONCUR: ELLINGTON and AGID, JJ.
NOTES
[1] Community supervision, community placement, and community custody are different types of sentences. Community supervision is similar to probation, whereby an offender is subject to crime-related prohibitions and other sentence conditions (such as rehabilitation or treatment). RCW 9.94A.030(10).

There are two types of community placement  "community custody" and "postrelease supervision." RCW 9.94A.030(7). "Community custody" is a portion of an offender's confinement (in lieu of earned release time or imposed by the court) served in the community while the offender is monitored by DOC. RCW 9.94A.030(5). "Postrelease supervision" is "that portion of an offender's community placement that is not community custody." RCW 9.94A.030(34).
[2] After the filing of the postsentence petition, this court requested that the parties file supplemental briefing as to whether the community custody term imposed is unconstitutional in light of Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). All parties agree that there are no Blakely issues implicated in this case, so no Blakely analysis is required.