192 P.3d 29 (2008)
STATE of Washington, Appellant,
v.
Gary Loyd DAVIS, Respondent.
No. 60228-4-I.
Court of Appeals of Washington, Division 1.
September 15, 2008.
*30 Seth Aaron Fine, Attorney at Law, Snohomish County Prosecutor's Office, Everett, WA, for Appellant.
Christopher H. Gibson, Nielsen, Broman & Koch, PLLC, Attorney at Law, Seattle, WA, for Respondent.
AGID, J.
¶ 1 The State appeals an exceptional sentence downward imposed after Gary Davis was convicted of failure to register as a sex offender. The trial court wanted to ensure that he served a minimum of 24 months of community custody, but the total minimum standard range for confinement and community custody combined exceeded the statutory maximum. The court chose to impose sentences below the minimum standard range on both confinement and community custody. The State contends that there was no basis for the court's ruling that Davis required a minimum of 24 months' community custody. It argues that the court should have imposed the minimum standard range sentence even though it exceeded the statutory maximum sentence. It asserts the sentence the court imposed reflects nothing more than its subjective dissatisfaction with the standard range. But where the standard range exceeds the statutory maximum, our courts have recognized at least two approaches to the problem. Where the standard range sentence exceeds the statutory maximum, there is a substantial and compelling reason to impose an exceptional sentence down. We therefore affirm the sentence.

FACTS
¶ 2 On March 22, 2007, Davis pled guilty to failure to register as a sex offender under RCW 9A.44.130. At that time, Davis had an offender score of 11, which included a conviction for second degree rape in 1987 and two later convictions for failure to register. His standard sentencing range for failure to register was 43-57 months' incarceration and 36-48 months' community custody. The court initially sentenced him to 43 months' incarceration followed by 36-48 months of community custody.
¶ 3 On June 4, 2007, Davis filed a motion to modify the sentence. He asked the court to impose a lower sentence because the total period of confinement and community custody exceeded the five year statutory maximum, i.e., 60 months' total confinement and community custody.[1] The State opposed the motion and asked the court to add language to the judgment and sentence stating that the total amount of incarceration and community custody could not exceed 60 months.
¶ 4 The trial court granted Davis' motion and modified the sentence. It relied on State v. Hudnall, which held that a court may depart from the standard range and tailor a sentence to avoid exceeding the statutory maximum.[2] The trial court emphasized that it did not "want to have less than two solid years of community custody for this particular crime and this particular defendant," explaining that "the point of any sentence for this particular crime is to teach Mr. Davis how important it is to comply with the registration requirements." The court then concluded that because Davis had failed to register, not committed rape, community custody was more important than confinement. In support of the amended sentence, the court entered the following findings of fact:
1. Imposition of a standard range sentence plus community custody will result in imposition of a sentence exceeding the statutory maximum of 60 months.
2. For this offender a minimum of two full years of community custody should be required. The total term of prison plus community custody cannot exceed 60 months.
*31 The court imposed an exceptional sentence of 36 months' confinement and 24 months of community custody.

DISCUSSION

I. Incomplete Record

¶ 5 As an initial matter, Davis contends the appeal should be dismissed because the State failed to provide a complete record. Specifically, he argues that this court cannot address the issues raised without reviewing the record of the guilty plea hearing and the original sentencing hearing. Because the State has since supplemented the record with transcripts of both of these proceedings and Davis has not made any further showing that dismissal is warranted on this record, we reject this argument.[3]

II. Exceptional Sentence Downward[4]
¶ 6 A trial court may impose an exceptional sentence if it finds "substantial and compelling reasons" to justify departure from the standard range and if those reasons are consistent with the purposes of the Sentencing Reform Act (SRA).[5] The legislative intent of the SRA's exceptional sentence provision was "to authorize courts to tailor the sentence  as to both the length and the type of punishment imposed  to the facts of the case, recognizing that not all individual cases fit the predetermined structuring grid."[6] In reviewing an exceptional sentence, we use a three-pronged test: (1) Are the reasons supported by the record under the clearly erroneous standard of review? (2) Do those reasons justify a departure from the standard range as a matter of law? And (3) was the sentence imposed clearly too excessive or lenient under the abuse of discretion standard of review?[7]

A. Factually Justified Departure

¶ 7 The first prong involves a factual inquiry  whether the reasons the trial court departed from the standard range are supported by the record.[8] We uphold the trial court's findings unless they are clearly erroneous, that is, where they are not supported by substantial evidence.[9] Here, the court's reason for departing from the standard range was the requirement that it not exceed the statutory 60-month maximum. The evidence clearly supports this finding. The bottom of the standard range was 43 months' confinement and 36 months' community custody, which together exceed the 60-month statutory maximum by 19 months.

B. Legally Justified Departure

¶ 8 Next, we turn to the second prong and determine whether, as a matter of law, the reason for the exceptional sentence justifies a departure from the standard range.[10] The legislature, through the SRA, has provided a nonexclusive list of aggravating and mitigating factors that justify a departure from the standard range, but none of them applies to this case. While it has not included the requirement that the court not exceed the statutory maximum as a reason justifying departure from the standard range, the statutory examples are illustrative only. The sentencing court may consider other factors so long as they are consistent with the purposes *32 of the SRA and are supported by the evidence.[11]
¶ 9 This court has held that the need to sentence within the statutory maximum is a substantial and compelling reason justifying a departure from the standard range. In State v. Hudnall, we affirmed an exceptional community custody sentence downward where imposing the minimum term would have exceeded the statutory maximum for the offense.[12] There, the trial court imposed an exceptional sentence that increased confinement above the standard range.[13] As a result, if it had imposed the minimum term of community custody, the total sentence would have exceeded the statutory maximum.[14] To avoid this result, the trial court imposed a term of community custody below the 36-month minimum required by the SRA when Hudnall was sentenced.
¶ 10 In affirming the trial court's exceptional sentence downward, the Hudnall court relied on the reasoning in State v. Bernhard.[15] There, the Supreme Court held that "`the Legislature intended that the exceptional sentencing provisions ... enable trial courts to tailor sentences for individual situations that do not fit the predetermined structure.'"[16] The court in Hudnall held that the trial court's reduction of the community custody term to permit the entire sentence to fit within the statutory maximum was a substantial and compelling reason to depart from the minimum community custody term.[17]
¶ 11 Likewise here, the total minimum term of confinement and community custody mandated by the SRA exceeded the statutory maximum of 60 months. Thus, to fit within the 60-month statutory maximum, the trial court reduced the term of confinement to 36 months and the term of community custody to 24 months. As in Hudnall, the requirement that the sentencing court stay within the statutory maximum was a substantial and compelling reason to depart from the standard range. As a matter of law, the trial court was justified in imposing an exceptional sentence down.
¶ 12 The State argues that State v. Sloan,[18] rather than Hudnall, should control here. It contends that an exceptional sentence is not warranted because the court cannot be certain that the time Davis ultimately serves would exceed the statutory maximum. It posits that Davis' total sentence would not exceed 60 months if he earned early release and served out the remainder of his confinement term on community custody.
¶ 13 In Sloan, this court held that the trial court did not exceed its authority when it sentenced the defendant to the statutory maximum of 60 months' confinement and also imposed 36 to 48 months' community custody.[19] The court rejected the defendant's argument that her total sentence was more than the statutory maximum, reasoning:
Sloan was sentenced to the statutory maximum, but she may earn early release credits and transfer to community custody before serving the entire term. In that event, Sloan will remain in community custody for up to the statutory range of 36 to 48 months, but no longer than the 60-month maximum term. In no event will she serve more than the statutory maximum sentence.[20]
The Sloan court relied on State v. Vanoli,[21] which held that a similar sentence did not *33 exceed the maximum because prisoners who earn early release credits and transfer to community custody status in lieu of earned early release have not yet served the maximum.[22] The court recognized that sentences like these "may generate uncertainty."[23] It advised that in order to avoid confusion, "the court should set forth [in the judgment and sentence] the maximum sentence and state that the total of incarceration and community custody cannot exceed that maximum."[24]
¶ 14 Sloan does not control this case. There, we held only that the sentence was not automatically invalid. We did not hold that the approach the trial court and this court on appeal took was the only way to resolve the problem presented by sentences that exceed the statutory maximum. Sloan does not address the issue raised in this case: whether the requirement that the court not exceed the statutory maximum is a substantial and compelling reason to depart from the standard range. Here, the trial court considered the option of imposing a standard range sentence and including the clarifying language suggested in Sloan. But it chose instead to follow Hudnall and reduce the sentence to comply with the statutory maximum.
¶ 15 Sloan and Hudnall offer alternative approaches the trial court may take when the standard range exceeds the statutory maximum: (1) impose a standard range sentence with a clear instruction that the time served cannot exceed the statutory maximum[25] or (2) impose an exceptional sentence downward.[26] Both approaches are available to trial courts confronted with this problem, and the State has not persuaded us that the Sloan approach is either legally required or necessarily preferable.
¶ 16 The Sloan solution clarifies a sentence that was vague and exceeded the sentencing court's authority. But it leaves the responsibility for assuring that the sentence does not exceed the statutory maximum to the Department of Corrections (DOC). We believe it is better for both the offender and the Department to have the trial court impose a sentence that is clear to all from the outset. Given the number of offenders and the complexity of many sentences imposed under the SRA, a clear mandate from the trial court eliminates the chance of legal errors in implementing the trial court's sentence.
¶ 17 The State next argues that the trial court's decision to impose an exceptional sentence downward on both community custody and confinement in order to ensure that Davis would serve a minimum of 24 months on community custody does not justify a departure from the standard range of confinement as a matter of law. Essentially, the State contends that the court should not have reduced Davis' time in prison and should have only imposed an exceptional sentence down on the term of community custody.
¶ 18 This court's recent decision in In re Postsentence Review of Smith supports the trial court's reasoning.[27] There, we affirmed an exceptional term upward of community custody where the trial court had imposed an exceptional sentence downward on the term of confinement.[28] The DOC appealed the sentence, arguing that trial courts are not authorized to impose exceptional terms of community custody.[29] In rejecting this argument, we observed that our courts have characterized the legislative intent of the SRA's exceptional sentence provision as giving courts authority to tailor the length and type of punishment imposed to the specific facts of the case.[30] The Smith court relied on a line of cases approving various exceptional terms and conditions of community supervision, community placement and community custody.[31] *34 State v. Bernhard[32] approved a trial court's authority to sentence a defendant to treatment as a requirement of community supervision. State v. Guerin[33] affirmed imposition of a term of community placement exceeding the statutory term. And, as we noted earlier, State v. Hudnall approved an exceptional term of community custody.[34] In each case, the courts relied on Bernhard's initial interpretation of the legislative purpose for allowing courts to impose exceptional sentences.
¶ 19 This same line of cases provides legal support for the trial court's decision to fashion a sentence that would both accommodate Davis' community custody needs and comply with the statutory maximum. In the trial court's view, Davis needed to be on a long term of community custody so he would not continue to violate the statute requiring him to register as a sex offender. We agree that this is an appropriate function for community custody. There is no authority stating that where the standard range exceeds the maximum, the court must give a standard range sentence of confinement and go downward on only community custody.[35] What regulatory authority there is suggests the opposite. WAC 437-20-010 establishes community custody ranges. It provides in part:
The ranges specified in this section are not intended to affect or limit the authority to impose exceptional community custody ranges, either above or below the standard community custody range.
Neither the legislature nor the Washington Supreme Court has rejected either this regulation or the rationale of Bernhard, Guerin, or Hudnall. We therefore assume these are correct interpretations of the court's authority to tailor the sentence to the facts of the case.
¶ 20 While the State argues that the trial court placed undue emphasis on community custody, it did impose a longer term of confinement than of community custody. And by imposing 36 months' confinement and 24 months' community custody, the court closely followed the standard range proportion of confinement to community custody: 43 months' confinement and 36 months' community custody. Because the need to limit Davis' total sentence to the maximum term for the crime was a substantial and compelling reason for the trial court to impose an exceptional sentence down, we hold that it did not abuse its discretion in apportioning the confinement and community custody terms as it did.
¶ 21 Finally, the State argues that even if we rule that the need to stay within the statutory maximum is a substantial and compelling reason to justify departure from the standard range, the problem will not recur because failure to register as a sex offender is no longer a class C felony; it is now a class B felony with a statutory maximum of 10 years.[36] However, there are many other circumstances in which an offender score and seriousness level may result in a standard range sentence that exceeds the statutory *35 maximum. For example, a defendant with an offender score of 9 or greater who commits harassment, third-degree assault, third-degree assault of a child, criminal gang intimidation, or communication with a minor for immoral purposes should receive a standard range sentence of 60 months' confinement and 51-68 days' community custody, thus exceeding the 60 month statutory maximum for a class C felony.[37] Therefore, this is not the only instance where a trial court will have to fashion a sentence in which it must resolve a conflict between the standard range and the statutory maximum.

C. Not Clearly Too Lenient

¶ 22 A sentence is clearly too lenient "only if the trial court's action was one that no reasonable person would have taken."[38] Because the amended sentence meets the statutory maximum of 60 months, we hold that the trial court did not abuse its discretion in imposing an exceptional sentence downward to stay within the statutory maximum.
¶ 23 We affirm the trial court's amended judgment and sentence.
WE CONCUR: DWYER, A.C.J., and GROSSE, J.
NOTES
[1] RCW 9A.20.021(1)(c); RCW 9.94A.505(5). The statutory maximum is the total of time imprisoned and time on community custody. State v. Sloan, 121 Wash.App. 220, 221, 87 P.3d 1214 (2004).
[2] 116 Wash.App. 190, 192, 64 P.3d 687 (2003).
[3] On March 11, 2008, a commissioner of this court granted the State's motion to supplement the report of proceedings.
[4] No party has raised the question whether Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), has any impact on the sentencing judge's authority to impose an exceptional sentence downward. See In re Postsentence Petition of Smith, 139 Wash.App. 600, 605 n. 2, 161 P.3d 483 (2007).
[5] RCW 9.94A.535.
[6] Smith, 139 Wash.App. at 603, 161 P.3d 483 (citing State v. Bernhard, 108 Wash.2d 527, 741 P.2d 1 (1987). overruled in part on other grounds by State v. Shove, 113 Wash.2d 83, 776 P.2d 132 (1989)).
[7] RCW 9.94A.585(4); State v. Allert, 117 Wash.2d 156, 815 P.2d 752 (1991).
[8] Allert, 117 Wash.2d at 163, 815 P.2d 752.
[9] Id. at 164, 815 P.2d 752; State v. Jacobson, 92 Wash.App. 958, 964, 965 P.2d 1140, review denied, 137 Wash.2d 1033, 980 P.2d 1282 (1999).
[10] Allert, 117 Wash.2d at 163, 815 P.2d 752.
[11] RCW 9.94A.535(1).
[12] 116 Wash.App. at 192, 64 P.3d 687.
[13] Id. at 193, 64 P.3d 687.
[14] Id.
[15] 108 Wash.2d 527, 741 P.2d 1 (1987). overruled on other grounds by State v. Shove, 113 Wash.2d 83, 776 P.2d 132 (1989).
[16] Hudnall, 116 Wash.App. at 196, 64 P.3d 687 (quoting State v. Guerin, 63 Wash.App. 117, 120, 816 P.2d 1249 (1991), review denied, 118 Wash.2d 1015, 827 P.2d 1011 (1992)).
[17] Id. at 197-98, 827 P.2d 1011.
[18] 121 Wash.App. 220, 87 P.3d 1214 (2004).
[19] Id. at 223, 87 P.3d 1214.
[20] Id. (citation omitted).
[21] State v. Vanoli, 86 Wash.App. 643, 937 P.2d 1166, review denied, 133 Wash.2d 1022, 950 P.2d 478 (1997).
[22] Sloan, 121 Wash.App. at 223, 87 P.3d 1214 (citing Vanoli, 86 Wash.App. at 655, 937 P.2d 1166).
[23] Id. at 223, 87 P.3d 1214.
[24] Id. at 224, 87 P.3d 1214.
[25] Sloan, 121 Wash.App. at 223, 87 P.3d 1214.
[26] Hudnall, 116 Wash.App. at 196, 64 P.3d 687.
[27] 139 Wash.App. 600, 161 P.3d 483 (2007).
[28] Id. at 603, 161 P.3d 483.
[29] Id. at 601, 161 P.3d 483.
[30] Id. at 603, 161 P.3d 483. Accord, State v. Bernhard, 108 Wash.2d 527 at 540-42, 741 P.2d 1.
[31] As the Smith court explained:

Community supervision, community placement, and community custody are different types of sentences. Community supervision is similar to probation, whereby an offender is subject to crime-related prohibitions and other sentence conditions (such as rehabilitation or treatment). RCW 9.94A.030(10).
There are two types of community placement  "community custody" and "postrelease supervision." RCW 9.94A.030(7). "Community custody" is a portion of an offender's confinement (in lieu of earned release time or imposed by the court) served in the community while the offender is monitored by DOC. RCW 9.94A.030(5). "Postrelease supervision" is "that portion of an offender's community placement that is not community custody." RCW 9.94A.030(34).
139 Wash.App. at 603, n. 1, 161 P.3d 483.
[32] 108 Wash.2d at 540, 741 P.2d 1.
[33] 63 Wash.App. 117, 121, 816 P.2d 1249(1991).
[34] 116 Wash.App. at 197, 64 P.3d 687.
[35] Where a statute is ambiguous on an issue, "the rule of lenity requires us to construe the statute strictly against the State in favor of the accused." State v. Gore, 101 Wash.2d 481, 486, 681 P.2d 227 (1984) (citing State v. Sass, 94 Wash.2d 721, 620 P.2d 79 (1980); State v. Workman, 90 Wash.2d 443, 584 P.2d 382 (1978); City of Seattle v. Green, 51 Wash.2d 871, 322 P.2d 842 (1958)); see also State v. Jacobs, 154 Wash.2d 596, 603, 115 P.3d 281 (2005).
[36] RCW 9A.20.021.
[37] RCW 9.94A.510, 515.
[38] State v. Jeannotte, 133 Wash.2d 847, 858, 947 P.2d 1192 (1997).