**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION  II**

| | |
|---|---|
| STATE OF WASHINGTON, | No.  46069-6-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| KATRINA MARIE BOWEN, | |
| Appellant. | |

BJORGEN, J.—Katrina Bowen pleaded guilty to first degree theft and stipulated that her crime constituted a major economic offense for which the trial court could impose an exceptional sentence.  The trial court did so.  Bowen now appeals, contending that her guilty plea was involuntary because there was not a sufficient factual basis for it.  Alternatively, Bowen argues that the trial court abused its discretion by imposing a clearly excessive exceptional sentence and erred by ordering her to pay legal financial obligations without first inquiring into her present or future ability to pay.  We reject Bowen's contention that her plea lacked a factual basis, agree that the trial court imposed a clearly excessive sentence, vacate the exceptional sentence, and remand for resentencing.[1]

---

[1] Because we vacate Bowen's exceptional sentence and remand for resentencing, we do not address her challenge to the requirement that she pay legal financial obligations.  On resentencing, before imposing legal financial obligations, the trial court shall comply with the requirements of *State v. Blazina*, 182 Wn.2d 827, 838, 344 P.3d 680 (2015), requiring sentencing courts to inquire into a defendant's current and future ability to pay, including factors such as incarceration and a defendant's other debts.

FACTS

Bowen worked as a cashier at the Flying K gas station in Lewis County in a position that gave her access to unsold lottery tickets. Bowen availed herself of this access, taking tickets and scratching them off in a search for winners. Bowen admitted to paying for some, but not for all of the tickets she took.

The State charged Bowen, by amended information, with first degree theft in violation of RCW 9A.56.020(1) and RCW 9A.56.030(1)(a). The State alleged that the thefts constituted a major economic offense under RCW 9.94A.535(3)(d).

Bowen agreed to plead guilty. In her statement on plea of guilty, she acknowledged that the State had charged her with first degree theft and that proving the offense required the State to show that "on a date certain in Lewis County" she did "unlawfully take [the] property of another valued in excess of [$]5000." Clerk's Papers (CP) at 22. In the statement, Bowen was asked "to state what [she] did in [her] own words that ma[de] [her] guilty of" the theft offense. She responded that "[b]etween 1-1-12 and 9-30-1[4] in Lewis County I knowingly took property of another (lottery tickets) unla[w]fully - without paying for the tickets, with the intent to deprive the owner." CP at 29.

At the hearing to enter the guilty plea, the trial court held an extensive colloquy to ensure that her plea was done knowingly, voluntarily, and intelligently. Bowen acknowledged that she was not making the plea under threat or because anyone had promised her anything for the plea. Bowen also stated that she understood the rights she was waiving with the guilty plea. When the trial court asked her to explain what made her guilty of the crime, Bowen stated that "I guess I did what I was charged with." Report of Proceedings (RP) (Jan. 29, 2014) at 6. When the trial court pressed Bowen for more details, she said, "I scratched tickets while I worked. I thought I

was keeping track of them, pay [sic] for all of them, and I guess I wasn't, and I scratched about 500 per shift." RP (Jan. 29, 2014) at 6-7. The trial court then asked her, "So you were working for the victim and you were . . . taking lottery tickets that were not being sold to you and you were scratching them off I assume looking for winners; is that correct?" RP (Jan. 29, 2014) at 7. Bowen replied, "Yes." RP (Jan. 29, 2014) at 7. Bowen then stipulated that the theft constituted a major economic offense under RCW 9.94A.535(d)(ii) and (iv) and that the trial court could impose an exceptional sentence based on that stipulation.

The trial court found a factual basis for the guilty plea based on the statement on plea of guilty and the colloquy at the hearing. It entered findings of fact and conclusions of law stating its determination that Bowen had offered the plea knowingly, voluntarily, and intelligently and accepted the plea.

The State sought an exceptional sentence of 24 months' incarceration, noting that a standard range sentence based on Bowen's offender score would be only 3 months' incarceration. Bowen requested leniency based on her acceptance of responsibility for the crime.

The sentencing court imposed an exceptional sentence of 48 months based on Bowen's stipulations. This appeal followed.

ANALYSIS

I. VOLUNTARINESS OF THE PLEA

Bowen first contends that the trial court erred by accepting her guilty plea as voluntary because the plea lacked a sufficient factual basis. She argues that the State presented no evidence that she had stolen more than $5,000 of property of another, an essential element of a first degree theft conviction. The State contends that the record as a whole contained evidence that Bowen stole more than $5,000. We agree with the State.

The superior court criminal rules prescribe the procedures the trial court must follow before accepting a guilty plea. CrR 4.2. The relevant rule provides that a trial court may not accept a guilty plea "without first determining that it is made voluntarily, competently and with an understanding of the nature of the charge and the consequences of the plea." CrR 4.2(d). Further, before entering a judgment upon plea of guilty, the trial court must be "satisfied that there is a factual basis for the plea." CrR 4.2(d). This "factual basis" requirement in CrR 4.2(d) protects a defendant from "'pleading voluntarily with an understanding of the nature of the charge but without realizing that his [or her] conduct does not actually fall within the charge.'" *State v. Powell*, 29 Wn. App. 163, 166, 627 P.2d 1337 (1981) (quoting *McCarthy v. United States*, 394 U.S. 459, 467, 89 S. Ct. 1166, 22 L. Ed. 2d 418 (1969)). The requirement is satisfied "'if there is sufficient evidence for a jury to conclude that [the defendant] is guilty.'" *State v. Newton*, 87 Wn.2d 363, 370, 552 P.2d 682 (1976) (quoting *United States v. Webb*, 433 F.2d 400, 403 (1st Cir. 1970)).

The record contains an adequate factual basis for Bowen's plea. She correctly listed the elements of first degree theft in her statement on plea of guilty and stated that she had committed the crime by taking lottery tickets over a period of 20 months. Bowen stated in open court that she was guilty of first degree theft and, when asked to provide a factual account of her crime, Bowen stated that "I scratched tickets while I worked . . . and I scratched about 500 per shift." RP (Jan. 29, 2014) at 6-7. When the trial court followed up, Bowen admitted that the thefts had occurred over a 20-month period. Bowen also stipulated that her offense was a major economic offense under RCW 9.94A.535(3)(d)(ii) because the loss inflicted by her theft was "greater than typical for the offense," meaning greater than $5,000. RP (Jan. 29, 2014) at 8; *see* RCW 9A.56.030(1)(a). From this evidence the trial court could readily conclude that Bowen

4

understood that she had committed first degree theft and that there was a factual basis for the plea.

## II. EXCEPTIONAL SENTENCE

Bowen next contends that the trial court abused its discretion when it imposed an exceptional sentence of four years' incarceration. The State contends that Bowen's stipulation to the major economic offense aggravator provided the authority for the trial court to impose the exceptional sentence. We hold that the exceptional sentence was manifestly unreasonable, vacate it, and remand for resentencing.

The legislature enacted the exceptional sentence provision of the Sentencing Reform Act (SRA), chapter 9.94A RCW, "'to authorize courts to tailor the sentence—as to both the length and the type of punishment imposed—to the facts of the case, recognizing that not all individual cases fit the predetermined structuring grid.'" *State v. Davis*, 146 Wn. App. 714, 719-20, 192 P.3d 29 (2008) (quoting *State v. Smith*, 139 Wn. App. 600, 603, 161 P.3d 483 (2007)).

We review an exceptional sentence

us[ing] a three-pronged test: (1) Are the reasons supported by the record under the clearly erroneous standard of review? (2) Do those reasons justify a departure from the standard range as a matter of law? And (3) was the sentence imposed clearly too excessive or lenient under the abuse of discretion standard of review?

*Davis*, 146 Wn. App. at 720. A trial court abuses its discretion under the third prong when it imposes a sentence that is "'clearly excessive,'" meaning one based on untenable grounds or reasons or which no reasonable trial court would have imposed. *State v. Bluehorse*, 159 Wn. App. 410, 433-34, 248 P.3d 537 (2011) (quoting *State v. Ritchie*, 126 Wn.2d 388, 393, 894 P.2d 1308 (1995)).

We recognize that our Supreme Court has forbidden mechanical comparisons of exceptional sentences to standard range sentences, *Ritchie*, 126 Wn.2d at 397, and that the

sentencing court is not bound by the recommendations of the prosecuting attorney. *State v. Harrison*, 148 Wn.2d 550, 557, 61 P.3d 1104 (2003); RCW 9.94A.431(2). However, Bowen's 48-month sentence was grossly disproportionate to the standard range sentence of zero to three months. Her sentence also greatly exceeded the prosecutor's recommendation for an exceptional sentence of 24 months. We hold that the sentencing court abused its discretion, and we vacate the sentence.

CONCLUSION

We hold that the record contained an adequate factual basis for the trial court to accept Bowen's guilty plea to the first degree theft charge. However, we hold that the exceptional sentence imposed by the trial court was an abuse of its discretion. We vacate that sentence and remand for resentencing consistently with this opinion. On resentencing, the court shall enter findings supporting the length of any exceptional sentence imposed.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

 

 

BJORGEN, J.

We concur:

JOHANSON, C.J.

SUTTON, J.