# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 49152-4-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| AARON ATA TOLEAFOA, | |
| Appellant. | |

MAXA, J. – Aaron Toleafoa appeals the sentence the trial court imposed following his guilty pleas to multiple felonies he committed when he was 15 years old. He claims that the trial court failed to properly consider his youth in denying his request for an exceptional sentence below the standard sentencing range for his offenses.

The trial court did consider Toleafoa's youth under the law existing at the time of sentencing before declining to impose an exceptional sentence. However, the Supreme Court in *State v. Houston-Sconiers*, 188 Wn.2d 1, 391 P.3d 409 (2017), subsequently held that a trial court *must consider* certain factors when sentencing a juvenile offender. Because the trial court did not have the benefit of *Houston-Sconiers* when sentencing Toleafoa, we remand for resentencing.

FACTS

In October 2014, Toleafoa and another person burglarized a home and stole a rifle, other items, and a vehicle. The next day, Toleafoa and his friend stole another vehicle. They later ordered a woman out of her vehicle at gunpoint, stole her purse, and took her vehicle. Finally, Toleafoa aimed his rifle at a person's head and then shot him in the chest. Tacoma police arrested Toleafoa a few days later after he fired several rifle rounds in an apartment complex.

The State charged Toleafoa with eight felonies and two misdemeanors. Toleafoa pleaded guilty to attempted second degree murder, first degree robbery, first degree burglary, theft of a motor vehicle, and second degree taking of a motor vehicle without the owner's permission.

Toleafoa presented a mitigation package at his sentencing hearing, arguing for an exceptional sentence downward because of his youthfulness and other circumstances in his life. The trial court correctly recognized that Toleafoa's youth could be a mitigating factor at sentencing that could support an exceptional sentence downward. But the court denied Toleafoa's motion for an exceptional sentence downward, stating:

> But let me just say I think, Mr. Toleafoa, you were not living the life of a 15-year-old when you committed this offense. You have a child that you fathered. You were out running the streets involved in a whole variety of activities. You were not residing primarily under your family roof to the extent that they were in control of you, and you were not in school at the time. You were out causing problems. You made some horrific decisions in this case.
> . . . .
>
> So this is not a case in my mind where I could say that your behavior was that of a juvenile who doesn't have a well-formed brain at that point and doesn't have the ability to appreciate the wrongfulness of his conduct. You certainly did.
> . . . .
>
> You had exceeded the role of a juvenile when you made this decision, and I think that it's reflected in the fact that you're dealing with a serious range and a serious adult consequences for adult-like behavior.

No. 49152-4-II

4 Report of Proceedings at 164-66. Instead, the court imposed standard range sentences, the maximum of which was 260 months of incarceration.

Toleafoa appeals his sentence.

ANALYSIS

Under RCW 9.94A.535,[1] a trial court may impose a sentence outside the standard sentence range if it finds that there are "substantial and compelling reasons justifying an exceptional sentence." The legislature enacted the exceptional sentence provision of the Sentencing Reform Act (SRA) to authorize courts to tailor the sentence to the facts of the case, recognizing that not all individual cases fit the predetermined sentencing grid. *State v. Davis*, 146 Wn. App. 714, 719-20, 192 P.3d 29 (2008).[2]

RCW 9.94A.535(1) provides a list of mitigating factors that can support a trial court's imposition of an exceptional sentence below the standard range if established by a preponderance of the evidence. Under RCW 9.94A.535(1)(e), one mitigating factor is that "[t]he defendant's capacity to appreciate the wrongfulness of his or her conduct, or to conform his or her conduct to the requirements of the law, was significantly impaired." The statute states that the factors are "illustrative only and are not intended to be exclusive reasons for exceptional

---

[1] RCW 9.94A.535 has been amended since the events of this case transpired. However, these amendments do not impact the statutory language relied on by this court. Accordingly, we do not include the word "former" before RCW 9.94A.535.

[2] Generally, a sentence within the standard sentence range for an offense may not be appealed. RCW 9.94A.585(1). However, a defendant may appeal the process by which a trial court imposed a sentence. *State v. Knight*, 176 Wn. App. 936, 957, 309 P.3d 776 (2013). Therefore, a party may challenge "the underlying legal conclusions and determinations by which a court comes to apply a particular sentencing provision." *State v. Ramos*, 187 Wn.2d 420, 433, 387 P.3d 650 (2017).

sentences." RCW 9.94A.535(1). However, nonstatutory factors supporting an exceptional below-range sentence must "relate to the crime, the defendant's culpability for the crime, or the past criminal record of the defendant." *State v. Law*, 154 Wn.2d 85, 89, 110 P.3d 717 (2005).

In *State v. O'Dell*, the Supreme Court held that youth may relate to a defendant's crime, and therefore "youth can . . . amount to a substantial and compelling factor, in particular cases, justifying a sentence below the standard range." 183 Wn.2d 680, 696, 358 P.3d 359 (2015). As a result, the court stated that the trial court "must be allowed to consider youth as a mitigating factor when imposing a sentence" on a youthful offender. *Id.*

In *Houston-Sconiers*, the Supreme Court held that the trial court was required to consider a juvenile defendant's youth in sentencing, even for statutorily mandated sentences. 188 Wn.2d at 8-9. The court stated, "Trial courts must consider mitigating qualities of youth at sentencing and must have discretion to impose any sentence below the otherwise applicable SRA range and/or sentence enhancements." *Id.* at 21.

Relying on *Miller v. Alabama*, 567 U.S. 460, 132 S. Ct. 2455, 183 L. Ed. 2d. 407 (2012), the court also provided guidance to trial courts on how to exercise their discretion in juvenile sentencing. *Houston-Sconiers*, 188 Wn.2d at 23. The court emphasized that the sentencing court *must consider* the following factors:

1. "[M]itigating circumstances related to the defendant's youth – including age and its 'hallmark features,' such as the juvenile's 'immaturity, impetuosity, and failure to appreciate risks and consequences.' " *Id.* (quoting *Miller*, 567 U.S. at 477).

2. "[F]actors like the nature of the juvenile's surrounding environment and family circumstances, the extent of the juvenile's participation in the crime, and 'the way familial and

peer pressures may have affected him' [or her]." *Houston-Sconiers*, 188 Wn.2d at 23 (quoting *Miller*, 567 U.S. at 477).

    3. "[H]ow youth impacted any legal defense, along with any factors suggesting that the child might be successfully rehabilitated." *Houston-Sconiers*, 188 Wn.2d at 23.

    The court concluded, "This is what the sentencing court should have done in this case, and this is what we remand for it to do." *Id.*

    Here, Toleafoa argues that the trial court failed to meaningfully consider his youth as a possible mitigating circumstance. He claims that the court (1) improperly considered Toleafoa's maturity and lifestyle compared to other juveniles rather than compared to adult offenders, (2) failed to consider Toleafoa's likelihood for rehabilitation from maturation, and (3) failed to consider how immature judgment and impetuousness may have contributed to Toleafoa's conduct. The second and third arguments track two of the factors that the Supreme Court in *Houston-Sconiers* stated that a sentencing court "must consider." 188 Wn.2d at 23.

    The trial court's decision reflects its consideration of Toleafoa's mitigation package and briefing in support of an exceptional sentence downward. And the court's discussion of its sentencing decision shows its understanding that it could impose an exceptional sentence based on Toleafoa's youth.

    However, at the time of Toleafoa's sentencing, *Houston-Sconiers* had not yet been decided. Therefore, the trial court was not aware that there were certain factors that a sentencing courts must consider when sentencing a juvenile defendant. Nevertheless, *Houston-Sconiers* applies here because Toleafoa's appeal was pending when that decision was issued. *See In re Pers. Restraint of Haghighi*, 178 Wn.2d 435, 443, 309 P.3d 459 (2013).

The trial court addressed some but not all of the factors outlined in *Houston-Sconiers*. We are unable to discern whether the court's sentence would have been different if it had considered all of these factors. Accordingly, we must remand for resentencing for the trial court to fully consider the *Houston-Sconiers* mandatory factors.

## CONCLUSION

We remand for resentencing under the guidelines adopted in *Houston-Sconiers* for sentencing juvenile defendants.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

WORSWICK, J.

BJORGEN, C.J.