IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 32478-8-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| CYNTHIA FAYE THORNTON, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Cynthia Thornton was convicted of possession of a controlled substance—heroin. The sentencing court imposed a $100 deoxyribonucleic acid (DNA) collection fee as a mandatory legal financial obligation (LFO) under RCW 43.43.7541. Ms. Thornton appeals, contending the court erred in imposing the DNA collection fee because she had already submitted a DNA sample for a prior conviction. We find no merit to her contention and affirm.

FACTS AND PROCEDURE

At Ms. Thornton's April 10, 2014 sentencing hearing, the court imposed certain LFOs including the $100 DNA collection fee. The court then told Ms. Thornton she would need to set up a time for DNA collection. Report of Proceedings (RP) at 206. In

reference to a recent 2014 delivery of a controlled substance offense that was included in Ms. Thornton's criminal history for current offender score purposes, the court asked her if DNA collection had already been done on that case. RP at 206. The prosecutor responded in the negative, and the parties agreed that Ms. Thornton would appear at the jail on April 16 to submit a DNA sample. RP at 206-07. Her counsel presented an order for DNA reporting, which the court signed along with the judgment and sentence. RP at 207-08. The judgment and sentence recites RCW 43.43.7541 as authority for the $100 DNA collection fee. Ms. Thornton appeals the imposition of that fee.

## ANALYSIS

Two separate statutes pertaining to collection of DNA samples and the fee imposed as an LFO inform our review in this case. First is the collection/submission statute, RCW 43.43.754. It provides in pertinent part:

> (1) A biological sample must be collected for purposes of DNA identification analysis from:
> (a) Every adult or juvenile individual convicted of a felony . . . .
> . . . .
> (2) If the Washington state patrol crime laboratory already has a DNA sample from an individual for a qualifying offense, a subsequent submission is not required to be submitted.

RCW 43.43.754. Next is the fee collection statute, RCW 43.43.7541, which provides:

> Every sentence imposed for a crime specified in RCW 43.43.754 must include a fee of one hundred dollars. The fee is a court-ordered legal financial obligation as defined in RCW 9.94A.030 and other applicable law. For a sentence imposed under chapter 9.94A RCW, the fee is payable by the offender after payment of all other legal financial obligations included in the sentence has been

2

completed. For all other sentences, the fee is payable by the offender in the same manner as other assessments imposed. The clerk of the court shall transmit eighty percent of the fee collected to the state treasurer for deposit in the state DNA database account created under RCW 43.43.7532, and shall transmit twenty percent of the fee collected to the agency responsible for collection of a biological sample from the offender as required under RCW 43.43.754.

Citing only to RCW 43.43.754(1) and (2), Ms. Thornton contends that if the Washington State Patrol Crime Laboratory already has a DNA sample from her as required in the prior 2014 felony drug case, collection of another DNA sample was not necessary in the current case and the sentencing court therefore erred in imposing the $100 DNA collection fee. The argument misses the mark.

The parties concurred at sentencing that Ms. Thornton had not yet submitted any DNA sample. Collection of a sample from her was mandatory under RCW 43.43.754(1). The current sentencing court thus ordered her to provide a sample. Ms. Thornton provides no facts to support her new argument on appeal suggesting a sample was already collected and submitted to the Washington State Patrol Crime Laboratory under the prior cause number. *See Bulzomi v. Dep't of Labor & Indus.*, 72 Wn. App. 522, 525, 864 P.2d 996 (1994) (party seeking review has burden of perfecting record so reviewing court has all relevant evidence before it; insufficient record on appeal precludes review of the alleged errors). Ms. Thornton thus makes no showing that RCW 43.43.754(2) even applies to her case, much less to support an argument that it precludes collection of the $100 DNA fee as a mandatory LFO.

3

Apart from collection of DNA samples and their submission to the Washington State Patrol Crime Laboratory, collection of the DNA fee as an LFO is separately governed by RCW 43.43.7541. Our goal when interpreting a statute is to carry out the legislature's intent. *See State v. Gonzalez*, 168 Wn.2d 256, 263, 226 P.3d 131 (2010). We must give effect to the plain language of an unambiguous statute. *Id.* We also determine the plain meaning of a statutory provision from the general context of the statute, related provisions, and the statutory scheme as a whole. *Wash. Pub. Ports Ass'n v. Dep't of Revenue*, 148 Wn.2d 637, 645, 62 P.3d 462 (2003). If the plain language of the statute is unambiguous, our inquiry is at an end and we enforce the statute "in accordance with its plain meaning." *State v. Armendariz*, 160 Wn.2d 106, 110, 156 P.3d 201 (2007).

Such is the case here. The language in RCW 43.43.7541 that "[e]very sentence imposed for a crime specified in RCW 43.43.754 must include a fee of one hundred dollars" plainly and unambiguously provides that the $100 DNA database fee is mandatory for all such sentences. *See State ex rel. Billington v. Sinclair*, 28 Wn.2d 575, 581, 183 P.2d 813 (1947) (word "must" is generally regarded as making a provision mandatory); *see also State v. Kuster*, 175 Wn. App. 420, 424, 306 P.3d 1022 (2013) (DNA collection fee is mandated by RCW 43.43.7541). The statute also furthers the purpose of funding for the state DNA database and agencies that collect samples and does not conflict with DNA sample collection and submission provisions of

4

No. 32478-8-III
*State v. Thornton*

RCW 43.43.754(1) and (2). The court thus properly imposed the DNA collection fee

under RCW 43.43.7541 for Ms. Thornton's felony drug conviction.

Affirmed.

Lawrence-Berrey, J.

WE CONCUR:

Siddoway, C.J.

Korsmo, J.