IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | |
| | ) | No. 33548-8-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| JUSTIN TAYLOR, | ) | |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Following Justin Taylor's convictions for possession of a stolen motor vehicle and second degree possession of stolen property, the sentencing court imposed legal financial obligations (LFOs) that included a mandatory $100 deoxyribonucleic acid (DNA) collection fee under RCW 43.43.7541. Mr. Taylor contends the mandatory DNA collection fee violates substantive due process and equal protection principles. We decline to address these issues raised for the first time on appeal, and affirm the judgment and sentence.

FACTS AND PROCEDURAL HISTORY

A jury found Mr. Taylor guilty as charged of possession of a stolen motor vehicle and second degree possession of stolen property. His criminal history included 16 prior felony convictions. The court imposed concurrent sentences of 57 and 29 months

respectively for the crimes. The court also imposed only mandatory LFOs, including a

$500 victim assessment, a $200 criminal filing fee, a $100 DNA collection fee, and $500

victim restitution. Mr. Taylor did not object to imposition of any of the LFOs and did not

raise any constitutional claims regarding the DNA collection fee.

## DISCUSSION

Mr. Taylor first contends the $100 DNA collection fee mandated by RCW

43.43.7541 violates substantive due process when applied to defendants who lack ability,

to pay the fee. The statute reads in relevant part:

> Every sentence imposed for a crime specified in RCW 43.43.754 must
> include a fee of one hundred dollars. The fee is a court-ordered legal
> financial obligation as defined in RCW 9.94A.030 and other applicable
> law. For a sentence imposed under chapter 9.94A RCW, the fee is payable
> by the offender after payment of all other legal financial obligations
> included in the sentence has been completed. For all other sentences, the
> fee is payable by the offender in the same manner as other assessments
> imposed.

RCW 43.43.7541. Mr. Taylor concedes the State of Washington possesses a legitimate

state interest to fund the DNA database, but he contends that assessing the fee against

defendants who cannot pay does not rationally serve that interest.

A party generally may not raise a new argument on appeal that the party did not

present to the trial court. RAP 2.5(a); *In re Det. of Ambers*, 160 Wn.2d 543, 557 n.6, 158

P.3d 1144 (2007). A party may, however, raise a manifest error affecting a constitutional

right for the first time on appeal. *State v. McFarland*, 127 Wn.2d 322, 333, 899 P.2d

1251 (1995).

2

We decline to address Mr. Taylor's argument because the record in the trial court is insufficiently developed to support an inability to pay $100. Therefore, in accordance with our holding in *State v. Stoddard*, 192 Wn. App. 222, 228, 366 P.3d 474 (2016), Mr. Taylor does not show manifest constitutional error. He waived his due process challenge to the DNA fee by failing to raise it in the trial court. We also note that this court does not address the constitutionality of a recoupment order before collection action or imposition of a penalty for nonpayment. *State v. Blank*, 131 Wn.2d 230, 241-42, 930 P.2d 1213 (1997) (constitutional challenge turns on defendant's financial circumstances at time of recoupment).

Mr. Taylor next contends RCW 43.43.7541 violates equal protection because it irrationally requires some defendants who were previously sentenced to pay a DNA collection fee multiple times, while others need only pay once. Mr. Taylor also did not make this argument in the trial court and the record does not contain the necessary details to resolve it. In accordance with *Stoddard* and RAP 2.5(a), we decline to address his equal protection claim for the first time on appeal.

Mr. Taylor finally contends the court abused its discretion by ordering him to submit to a DNA collection when he has done so previously. He points to RCW 43.43.754(2) (subsequent submission is not required if the state patrol crime laboratory already has the individual's DNA sample) and asserts there is no evidence that his DNA was not already collected in prior criminal convictions. We find no error.

3

Mr. Taylor's judgment and sentence form specified a DNA sample need not be collected if the Washington State Patrol was already in possession of a sample. This is consistent with Washington law. *See* RCW 43.43.754(1)(a), (2). The trial court did not breach the statute, particularly given that Mr. Taylor supplies no evidence for his contention that he already submitted to a DNA collection. *See State v. Thornton*, 188 Wn. App. 371, 373-74, 353 P.3d 642 (2015) (contention reviewable only if record contains information indicating state patrol crime lab already has defendant's DNA on file).

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Fearing, C.J.

_____
Lawrence-Berrey, J.

4