IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 33574-7-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| SHANE R. HUGHES, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Shane Hughes appeals his sentence for first degree burglary with a firearm enhancement, theft of a firearm, second degree theft, and second degree unlawful possession of a firearm. We affirm in part, reverse in part, and remand for further proceedings.

## FACTS

The facts are well known to the parties and need not be recounted. In summary, the police arrested Mr. Hughes after he was caught burglarizing an acquaintance's home. One of the items taken was a rifle. A jury found Mr. Hughes guilty.

No. 33574-7-III
*State v. Hughes*

At sentencing, defense counsel disclosed that Mr. Hughes suffered from depression and gave the court letters written by Mr. Hughes's grandparents and mother. Those letters discussed Mr. Hughes's mental health issues. The following exchange then took place:

> THE COURT: Does Mr. Hughes want me to make a finding that there's a mental health issue that needs to be looked at for chemical dependency? Because oftentimes, if I say, "yes" on this form it opens—
>
> THE DEFENDANT: They don't have any forms anymore. [Department of Corrections] has cut back.
>
> THE COURT: They don't right now but, you know, things change. Things change.
>
> THE DEFENDANT: I mean, to mental health, yes, sir.
>
> THE COURT: Okay.
>
> THE DEFENDANT: Sure. But as far as chemical dependency, I know that DOC deals with that when you end the sentence. You know what I mean?
>
> THE COURT: Right.
>
> THE DEFENDANT: Because you have so much idle time after the program.
>
> THE COURT: I don't think there's any evidence in this particular case of—
>
> MS. SIGLE: So I think that just the mental health. If that would help—

3 Report of Proceedings (June 8, 2015) at 386-87.

2

No. 33574-7-III
*State v. Hughes*

The court imposed a sentence in the middle of the standard range. As a condition of community custody, the court ordered a mental health evaluation. On the same page of the judgment and sentence, the court crossed out the substance abuse finding. But in the appendix, the court checked a box requiring Mr. Hughes to obtain a substance abuse evaluation. The court then imposed legal financial obligations, including a $100 DNA[1] collection fee. Mr. Hughes appeals.

## ANALYSIS

*Community custody conditions*

Mr. Hughes challenges two community custody conditions, one ordering him to obtain a mental health evaluation and treatment and one ordering him to obtain a substance abuse evaluation. An erroneously imposed sentence may be challenged for the first time on appeal. *State v. Bahl*, 164 Wn.2d 739, 744, 193 P.3d 678 (2008); *State v. Ford*, 137 Wn.2d 472, 477, 973 P.2d 452 (1999). This court reviews crime-related community custody conditions for an abuse of discretion. *State v. Brooks*, 142 Wn. App. 842, 850, 176 P.3d 549 (2008). Claims involving statutory interpretation are reviewed de novo. *State v. Warnock*, 174 Wn. App. 608, 611, 299 P.3d 1173 (2013).

---

[1] Deoxyribonucleic acid

3

No. 33574-7-III
*State v. Hughes*

*Mental health condition*

A court may only impose a sentence authorized by statute. *State v. Barnett*, 139 Wn.2d 462, 464, 987 P.2d 626 (1999). Former RCW 9.94B.080 (2008), in effect at the time of Mr. Hughes's offenses, provided that before ordering a mental health evaluation or treatment, the court *must* utilize a presentence report to find (1) an offender is a mentally ill person as defined in RCW 71.24.025, and (2) the offender's condition likely influenced the crime. This statutorily-required procedure was not followed.[2] We therefore remand for the trial court to strike the condition unless it determines it can presently and lawfully comply with former RCW 9.94B.080. *See State v. Jones*, 118 Wn. App. 199, 212, 76 P.3d 258 (2003).

*Substance abuse condition*

Mr. Hughes next contends the trial court erroneously ordered him to obtain a substance abuse evaluation as a condition of community custody. RCW 9.94A.703(3)(c) allows a court to order an offender to participate in "crime-related treatment or counseling services." Where nothing in the record shows that substance abuse contributed to the offense, the court cannot order an offender to participate in substance abuse treatment.

---

[2] The State argues Mr. Hughes invited this error. However, the invited error doctrine does not apply in circumstances where a sentencing court exceeded its statutory authority. *State v. Phelps*, 113 Wn. App. 347, 354, 57 P.3d 624 (2002).

4

*Jones*, 118 Wn. App. at 207-08; RCW 9.94A.607.

In the appendix to the judgment and sentence, the trial court checked a box ordering Mr. Hughes to obtain a substance abuse evaluation as a condition of community custody. But the court did not check boxes next to similar conditions regarding substance abuse evaluation and treatment in either the appendix or the judgment and sentence. The court actually crossed out a substance abuse finding in the judgment and sentence. It appears this was a scrivener's error. As no testimony or evidence demonstrated Mr. Hughes's crimes were related to alcohol or drugs, we remand for the trial court to correct the mistake.

*Constitutionality of DNA collection fee*

Mr. Hughes argues the imposition of the mandatory $100 DNA collection fee under RCW 43.43.7541 violates substantive due process and equal protection.[3] RCW 43.43.754(1)(a) demands a biological sample for purposes of DNA identification analysis from adults convicted of a felony. To defray the cost of sample collection, RCW 43.43.7541 imposes a $100 mandatory fee. These constitutional arguments have been

---

[3] To the extent Mr. Hughes contends the trial court erred by ordering him to submit to a DNA collection when he had already submitted to one, he supplies no actual evidence for this contention. There can be no error. *See State v. Thornton*, 188 Wn. App. 371, 373-74, 353 P.3d 642 (2015) (rejecting a similar challenge).

addressed numerous times and fail for the reasons set forth in *State v. Mathers*, 193 Wn.
App. 913, 376 P.3d 1163, *review denied*, 186 Wn.2d 1015, 380 P.3d 482 (2016).

## STATEMENT OF ADDITIONAL GROUNDS

Mr. Hughes contends insufficient evidence supports the firearm enhancement.
Under RCW 9.94A.825, a jury must find by special verdict whether a defendant was
armed with a deadly weapon during the commission of a crime. This court considers a
defendant armed during the commission of a crime if the weapon is "'easily accessible
and readily available for use, either for offensive or defensive purposes'" and there is a
nexus between the person, the weapon, and the crime. *State v. Schelin*, 147 Wn.2d 562,
567-68, 55 P.3d 632 (2002) (quoting *State v. Valdobinos*, 122 Wn.2d 270, 282, 858 P.2d
199 (1993)). Whether a weapon is "easily accessible and readily available for use" is a
fact-specific inquiry based on the nature of the crime, the type of weapon, and the
circumstances under which the police found it. *See State v. Gurske*, 155 Wn.2d 134, 138,
142-44, 118 P.3d 333 (2005).

Even though Mr. Hughes was never seen handling the rifle at issue in this case, the
circumstantial evidence demonstrated the State met its burden. *See State v. Willis*, 153
Wn.2d 366, 374-75, 103 P.3d 1213 (2005) (finding sufficient evidence when
circumstantial evidence suggests firearm was handled during burglary). We reject Mr.

6

No. 33574-7-III
*State v. Hughes*

Hughes's concern as unpersuasive.

## CONCLUSION

We affirm Mr. Hughes's convictions but remand to the trial court to strike the two conditions of community custody. Because Mr. Hughes has prevailed on two of the three issues raised in his brief, we decline to award costs to either party. RAP 14.2.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Fearing, C.J.

_____
Lawrence-Berrey, J.

7