# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 76818-2-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | PUBLISHED OPINION |
| LUCIEN J. THIBODEAUX, | ) | |
| | ) | |
| Appellant. | ) | FILED: November 26, 2018 |
| | ) | |

BECKER, J. — This is an appeal of a standard range sentence. The appellant was convicted of an offense for which the statutory maximum sentence is 60 months. His statutory standard range sentence had already topped out at 60 months of confinement. Another statute required imposition of a community custody term of 36 months. The issue is whether the trial court had discretion to impose an exceptional sentence downward that reduced the confinement term to 24 months so that he could serve the remaining 36 months of the sentence in community custody. Because a statute enacted in 2009 requires reduction of the community custody term but not the term of confinement, the court correctly imposed a sentence of 60 months with no community custody thereafter.

In 2017, appellant Lucien Thibodeaux was convicted of rape of a child in the third degree for engaging in sexual intercourse with a 15-year-old. Third degree rape of a child is a class C felony for which the maximum term is five

years. RCW 9A.20.021(1)(c); RCW 9A.44.079. With Thibodeaux's offender score of 8, the standard range sentence of confinement was the full five years.

Thibodeaux requested an exceptional sentence downward of 24 months. He proposed three reasons: that he was under duress or compulsion, that he lacked the capacity to appreciate the wrongfulness of his conduct, and that the victim initiated the contact. The prosecutor argued that the evidence did not support any of these reasons for mitigating the sentence. Indeed, the prosecutor said that the State would have requested an exceptional sentence upward if not for the fact that the standard range term of confinement was already at the statutory maximum of five years. He said that Thibodeaux was "for lack of a better word, what we call maxed out and there's no longer a range."

A sentence for third degree rape of a child must also include a three-year term of community custody. RCW 9.94A.701(1). But the statutory maximum includes any term of community custody in addition to the term of confinement, and a court may not impose a sentence that exceeds the statutory maximum. RCW 9.94A.505(5). Thus, the court could not require Thibodeaux to serve both a five-year term of confinement and a three-year term of community custody.

A statute enacted in 2009 resolves this anomaly by providing that when the combined terms of confinement and community custody exceed the statutory maximum, only the community custody term is to be reduced:

> The term of community custody specified by this section shall be reduced by the court whenever an offender's standard range term of confinement in combination with the term of community custody exceeds the statutory maximum for the crime as provided in RCW 9A.20.021.

RCW 9.94A.701(9). The prosecutor accordingly recommended a standard range sentence of 60 months of confinement, with no time to be served in community custody. The prosecutor said, "The only sentence within the Court's discretion right now is 60 months."

The trial court found no evidence to support an exceptional sentence downward on any of the three grounds advocated by Thibodeaux. The court imposed the sentence recommended by the State: a five-year standard range sentence of confinement with no term of community custody. Thibodeaux appeals the sentence.

As a general rule, the length of a standard range sentence is not subject to appellate review. State v. Williams, 149 Wn.2d 143, 146, 65 P.3d 1214 (2003). However, a trial court's mistaken belief that it lacked discretion to impose a mitigated exceptional sentence for which a defendant may have been eligible is reversible error. State v. Grayson, 154 Wn.2d 333, 342, 111 P.3d 1183 (2005); In re Pers. Restraint of Mulholland, 161 Wn.2d 322, 333, 166 P.3d 677 (2007). Thibodeaux contends that is what occurred in his case. He contends he was eligible for a mitigated exceptional sentence, not on any of the three grounds that he advocated at sentencing, but based on State v. Davis, 146 Wn. App. 714, 717, 192 P.3d 29 (2008), review denied, 166 Wn.2d 1033, 217 P.3d 782 (2009). He requests that the sentence be reversed and remanded for the trial court to consider imposing an exceptional sentence of 24 months of imprisonment and 36 months of community custody.

In Davis, the defendant's standard range sentence was 43 to 57 months of incarceration and 36 to 48 months of community custody. 146 Wn. App. at 718. Combined, the mandated incarceration and community custody exceeded the 60 month statutory maximum. Davis, 146 Wn. App. at 719. To ensure the defendant would serve at least two years of community custody, the trial court imposed an exceptional sentence downward by reducing the term of incarceration to 36 months. Davis, 146 Wn. App. at 719. This court affirmed, holding that "the need to sentence within the statutory maximum is a substantial and compelling reason justifying a departure from the standard range." Davis, 146 Wn. App. at 721.

RCW 9.94A.701(9), enacted one year after Davis, renders Davis inapplicable to Thibodeaux. "When the meaning of statutory language is plain on its face, the court must give effect to that plain meaning." In re Pers. Restraint of McWilliams, 182 Wn.2d 213, 217, 340 P.3d 223 (2014). The statute specifies that the term of community custody, not the term of incarceration, "shall" be reduced. RCW 9.94A.701(9). The word "shall" is presumptively imperative; it creates a duty rather than conferring discretion. State v. Blazina, 182 Wn.2d 827, 838, 344 P.3d 680 (2015). The legislature's use of "shall" in RCW 9.94A.701(9) makes it clear that when the combined terms of confinement and community custody exceed the statutory maximum, the community custody term must be reduced. In such a case, the requirement in RCW 9.94A.701(1) for a three-year term of community custody gives way to the need to keep the overall sentence within the statutory maximum. This statute resolves the anomaly

4

created by the other statutes that dictate a combined sentence of eight years even when five years is the maximum sentence.

As a result of RCW 9.94A.701(9), an exceptional sentence is no longer needed to keep the sentence of a person in Thibodeaux's situation within the statutory maximum. He is not required to serve the term of community custody that would otherwise be mandatory under RCW 9.94A.701(1). Unlike in Davis, the trial court could impose a standard range sentence within the statutory maximum of five years simply by reducing the community custody term to zero.

Thibodeaux contends RCW 9.94A.701(9) does not apply because he requested an exceptional sentence. "Based on its plain language, RCW 9.94A.701(9) does not apply when a court imposes an exceptional sentence of confinement." McWilliams, 182 Wn.2d at 217 (emphasis added). But here, unlike in McWilliams, the court did not impose an exceptional sentence. Thibodeax proposed three separate grounds for an exceptional sentence, but the trial court did not find that any of them supplied a substantial and compelling reason to deviate from the standard range. Thibodeaux has not appealed that decision. Because the trial court imposed a standard range sentence, not an exceptional sentence, RCW 9.94A.701(9) is directly applicable.

This is not a case where the trial court categorically refused to consider an exceptional sentence that the defendant may have been eligible to receive. The court's decision to impose a standard range sentence of 60 months of confinement is not reviewable.

5

As the State concedes, the judgment and sentence does contain a different error. It states that Thibodeaux's duty to register as a sex offender does not end until he obtains a court order relieving him of the duty to register or receives written notice from the sheriff's office that the duty has ended:

> Your duty to register does not end until you have obtained a court order specifically relieving you of the duty to register or you have been informed in writing by the sheriff's office that your duty to register has ended. Your duty to register DOES NOT end when your [Department of Corrections] supervision ends.

This statement is inconsistent with a statute providing that "the duty to register shall end ten years after" certain defined events. RCW 9A.44.140(3). Under the statute, there is no necessity for the offender to obtain a court order or a writing from the sheriff. Thibodeaux is entitled to an accurate judgment and sentence. The trial court shall correct the inaccuracy on remand.

Thibodeaux filed a supplemental brief challenging the imposition of a $100 fee for collection of DNA (deoxyribonucleic acid). At the time Thibodeaux was sentenced, the collection fee was mandatory. A legislative enactment effective June 7, 2018, added the words "unless the state has previously collected the offender's DNA as a result of a prior conviction." RCW 43.43.7541; SECOND SUBSTITUTE H.B. 1783, ch. 269, sec.18, 65th Leg., Reg. Sess. (Wash. 2018). This amendment applies prospectively to cases pending on appeal. State v. Ramirez, __ Wn.2d __, 426 P.3d 714, 721-23 (2018). That includes Thibodeaux's case.

In light of Ramirez, Thibodeaux argues that the DNA collection fee must be stricken. His argument is based on four premises: the DNA collection fee is

6

now discretionary rather than mandatory, a discretionary fee cannot be imposed on an indigent defendant, he is indigent, and the State has previously collected his DNA. We need not analyze the first three premises because even if they are true, the last premise is without support in the record. The record is silent as to whether the State has previously collected Thibodeaux's DNA.

Thibodeaux asserts that his DNA would have necessarily been collected as a result of his previous felonies. But as the State points out, defendants do not always submit to DNA collection despite being ordered to do so. See State v. Thornton, 188 Wn. App. 371, 372, 353 P.3d 642 (2015) (defendant had not submitted DNA sample in connection with prior offense). Because the existing record does not establish that the State has already collected Thibodeaux's DNA, he has not demonstrated that it was impermissible to impose the collection fee. We reject his request to strike the DNA fee from the judgment and sentence.

The sentence is remanded for correction of the inaccurate statement about Thibodeaux's duty to register. In all other respects, the sentence is affirmed.

Becker, J.

WE CONCUR:

Andrus, J.          Mann, A.C.J.

7