IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 78710-1-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JAMIE ALLEN WALLS, | ) | |
| | ) | |
| Appellant. | ) | FILED: December 30, 2019 |

PER CURIAM — Jamie Walls appeals the $100 DNA (deoxyribonucleic acid) collection fee imposed as part of his sentence for attempted first degree murder, first degree burglary, unlawful imprisonment, second degree assault, felony violation of a court order, misdemeanor violation of a court order, theft of a firearm, second degree unlawful possession of a firearm, and felony harassment. Walls contends the DNA fee should be stricken pursuant to the holding in State v. Ramirez, 191 Wn.2d 732, 426 P.3d 714 (2018). We remand for further proceedings.

When the court sentenced Walls in 2017, the DNA collection fee was mandatory under RCW 43.43.7541 for anyone convicted of a felony. On June 7, 2018, House Bill (HB) 1783 became effective and applied prospectively to all cases then pending on direct appeal, including this appeal. Ramirez, 191 Wn.2d at 738, 747. HB 1738 prohibited the imposition of discretionary legal financial obligations on defendants who were indigent at the time of sentencing. Ramirez, 191 Wn.2d at 739. It further provided

that the DNA collection fee was not mandatory where "the state has previously collected the offender's DNA as a result of a prior conviction." See Ramirez, 191 Wn.2d at 747; State v. Catling, 193 Wn.2d 252, 259, 438 P.3d 1174 (2019).

Here, Walls has a 2007 felony conviction for possession with intent to deliver marijuana. Although that conviction should have resulted in a DNA sample being taken from Walls, the State correctly points out that the record is silent as to whether his DNA was *in fact* previously collected. See State v. Thibodeaux, 6 Wn. App. 2d 223, 230, 430 P.3d 700 (2018) (observing that defendants do not always submit to DNA collection despite being ordered to do so), review denied, 192 Wn.2d 1029 (2019). In these circumstances, we remand to the trial court to determine whether the State has previously collected a DNA sample from Walls, and if so, to strike the DNA collection fee from his judgment and sentence. See Catling, 193 Wn.2d at 259.

Remanded for proceedings consistent with this opinion.

FOR THE COURT: