# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 52098-2-II |
| Respondent, | |
| v. | |
| JOSEPH BRIAN UELTZEN, | UNPUBLISHED OPINION |
| Appellant. | |

Worswick, J. — A jury found Joseph Ueltzen guilty of harassment—domestic violence,[1] intimidating a witness,[2] and fourth degree assault—domestic violence.[3] At sentencing, the trial court imposed legal financial obligations (LFOs). Ueltzen appeals his sentence, arguing that because he is indigent, the trial court erred when it imposed the LFOs. We remand to the trial court for a determination regarding Ueltzen's indigency.

## FACTS

A jury found Ueltzen guilty of harassment, intimidating a witness, and fourth degree assault, and found Ueltzen committed these crimes against a member of his family or household.

During Ueltzen's sentencing hearing, the trial court inquired about Ueltzen's ability to find work, his existing LFOs, and other financial obligations. Ueltzen stated that he was a highly

---

[1] RCW 9A.46.020; RCW 10.99.020.

[2] RCW 9A.72.110.

[3] RCW 9A.36.041.

skilled drywall installer and did not expect to have trouble finding work once he completed his term of confinement. Ueltzen owed $820 regarding a different legal matter, but did not have any other financial obligations or debts. Based on this information, the trial court concluded that a $500 discretionary fee for the court-appointed attorney was "reasonable." 2 Verbatim Report of Proceedings at 353.

However, Ueltzen's trial counsel stated that counsel believed Ueltzen to be indigent for an appeal based on Ueltzen's confinement. The trial court found Ueltzen to be indigent for the purpose of an appeal. The trial court relied on Ueltzen's affirmation that stated his finances "were previously considered by this court and they have not materially improved and/or have gotten worse." Clerk's Papers (CP) at 7. Specifically, the trial court found that Ueltzen "lack[ed] sufficient funds to prosecute an appeal." CP at 5. Neither the trial court's previous order of indigency nor any financial affidavit the trial court relied on when determining Ueltzen's indigency is in the record on appeal.

The trial court imposed a number of LFOs relevant here: a $100 domestic violence assessment, a $200 criminal filing fee, and a $500 fee for a court-appointed attorney. Ueltzen appeals.

ANALYSIS

I. INDIGENCY

Ueltzen argues that the trial court erred when it imposed discretionary LFOs because the trial court found Ueltzen indigent. Specifically, Ueltzen argues that the $100 domestic violence assessment, $200 criminal filing fee, and $500 fees for his court-appointed attorney must be

2

stricken.  We remand to the trial court for a determination regarding the statutory basis for determining Ueltzen's indigency.

The legislature amended former RCW 10.01.160(3) (2015), and as of June 7, 2018, this statutory provision limits the type of LFOs a trial court can impose on an indigent defendant and prohibits a trial court from ordering a defendant to pay costs "if the defendant at the time of sentencing is indigent as defined in RCW 10.101.010(3)(a) through (c)."  However, when a defendant is not indigent as defined in RCW 10.101.010(3)(a) through (c), the trial court is required to consider the defendant's financial resources and the nature of the burden the payment of LFOs will impose before determining the amount and method of payment of costs.  RCW 10.01.160(3).

RCW 10.101.010(3) defines four categories of "indigent."  Subsection (a) describes people who receive certain types of public assistance.  Subsection (b) defines indigent as a person who is involuntarily committed to a public mental health facility.  Subsection (c) states a person who receives an annual income, after taxes, of one hundred twenty-five percent or less of the federal poverty level is indigent.  When an defendant is indigent based on subsection (a), (b), or (c), the trial court is prohibited from imposing costs as defined in RCW 10.01.160(3). Subsection (d) defines indigent as a person who is unable to pay the cost of legal counsel for the proceeding before the court.  However, a trial court is not precluded from imposing costs against a defendant determined to be indigent under subsection (d).  RCW 10.01.160(3).

As a preliminary matter, the State argues that Ueltzen has the burden to prove he is indigent.  The State cites to *State v. Thibodeaux*, 6 Wn. App. 2d 223, 430 P.3d 700 (2018),

*review denied*, 192 Wn.2d 1029 (2019); *State v. Lewis*, 194 Wn. App. 709, 379 P.3d 129 (2016); and *State v. Thornton*, 188 Wn. App. 371, 353 P.3d 642 (2015) to support this argument. But these cases not only fail to address the proposition that a defendant is required to prove his own indigency, they have been abrogated. *See State v. Anderson*, 9 Wn. App. 2d 430, 460-61, 447 P.3d 176 (2019). The State is incorrect as to the burden of production. It is the State that bears the burden of establishing that a defendant has the present or likely future ability to pay discretionary LFOs. *State v. Lundy*, 176 Wn. App. 96, 106, 308 P.3d 755 (2013).

Ueltzen does not challenge the adequacy of the trial court's inquiry into his ability to pay LFOs. Instead, Ueltzen generally argues that because the trial court found him to be indigent, the court erred by imposing any discretionary LFOs. Although Ueltzen cites *State v. Ramirez*, 191 Wn.2d 732, 426 P.3d 714 (2018), and acknowledges that the prohibition against costs for indigent defendants is confined to RCW 10.101.010(3)(a) through (c), Ueltzen does not argue that the trial court found him to be indigent under RCW 10.101.010(3)(a) through (c).

The trial court found Ueltzen to be indigent for purposes of an appeal based on Ueltzen's declaration, which stated that his financial situation had not improved following a previous consideration by the trial court. Specifically, the trial court found that Ueltzen "lack[ed] sufficient funds to prosecute an appeal." CP at 5. The record on appeal does not contain the trial court's previous order on indigency or any financial affidavit filed by Ueltzen regarding his indigency. The record is unclear regarding the category of Ueltzen's indigency as defined by RCW 10.101.010(3). Because the category of Ueltzen's indigency is unknown based on the

No. 52098-2-II

appellate record, we remand for the trial court to make an explicit determination of indigency based on RCW 10.101.010(3) and then consider Ueltzen's LFOs accordingly.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, P.J.

We concur:

Sutton, J.

Cruser, J.