IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 81017-1-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| A.B., dob 04/20/2001, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | |

PER CURIAM — A juvenile court convicted A.B. of second degree rape and disclosing intimate images and imposed a $100 DNA (deoxyribonucleic acid) collection fee as part of his sentence. A.B. challenges the imposition of the fee, citing RCW 43.43.7541, which provides that "[t]his fee shall not be imposed on juvenile offenders if the state has previously collected the juvenile offender's DNA as a result of a prior conviction." A.B. contends the record shows he had recently been sentenced for fourth degree assault and thus would have already been required to provide a DNA sample.

The State correctly points out that the record is silent as to whether A.B.'s DNA was actually collected. See State v. Thibodeaux, 6 Wn. App. 2d 223, 230, 430 P.3d 700 (2018) (observing that defendants do not always submit to DNA collection despite being ordered to do so), review denied, 192 Wn.2d 1029 (2019).

In these circumstances, we remand to the trial court to determine whether the State has previously collected a DNA sample from A.B. and, if so, to strike the DNA collection fee from his disposition.

Remanded for proceedings consistent with this opinion.

FOR THE COURT:

_____

Verellen, J.

_____

Leach, J.

_____

Appelwick, J.