IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                Respondent,<br><br>        v.<br><br>GEORGE DONALD HATT, JR.,<br><br>                Appellant. | No. 84194-7-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

HAZELRIGG, A.C.J. — After resentencing on remand from this court, George Hatt, Jr. appeals the imposition of the mandatory fee for the collection of a biological sample pursuant to his felony conviction. Because this is a mandatory fee that must be imposed, even where the defendant has been found to be indigent, and, as the record establishes that this is not a duplicate imposition of the fee, Hatt has failed to demonstrate error and we affirm.

FACTS

On May 18, 2017, George Hatt, Jr., was convicted of murder in the first degree with a firearm enhancement, unlawful possession of a firearm in the second degree, possession of an unlawful firearm, and tampering with physical evidence. At the sentencing hearing on July 6, 2017, the State requested that the trial court order a DNA[1] sample as Hatt's DNA had apparently not previously been taken as a result of a felony conviction in Washington state. In the felony judgment and

_____
[1] Deoxyribonucleic acid.

sentence (J&S), the trial court ordered DNA collection pursuant to RCW 43.43.754 and imposed the corresponding $100 biological sample fee, mandated by RCW 43.43.7541. Hatt appealed his convictions and this court affirmed them, but remanded for resentencing as the trial court had erred in calculating his offender score. State v. Hatt, 11 Wn. App. 2d 113, 452 P.3d 577 (2019) (Hatt I).

Hatt was resentenced on September 11, 2020. At the hearing, after addressing the miscalculated offender score, the State requested that the trial court's amended order "still indicate that DNA testing is a part of it, though that testing has already taken place." As reflected in the amended J&S, the trial court again imposed the $100 biological sample fee, noting it as "[m]andatory if no DNA sample is already on file," and ordered DNA testing even though RCW 43.43.754(4) establishes that testing is not required when the State "already has a sample from the defendant for a qualifying offense." On his second direct appeal, Hatt challenged portions of the J&S unrelated to the order on collection of a DNA sample and its corresponding fee. State v. Hatt, No. 81994-1-I (Wash. Ct. App. Nov. 15, 2021) (unpublished), https://www.courts.wa.gov/opinions/pdf/819941.pdf (Hatt II). Because one of Hatt's prior convictions from California was incorrectly classified in his J&S, we again remanded for resentencing. Id. at 1.

The third sentencing hearing in this case took place on May 10, 2022. Hatt submitted a sentencing memorandum in which he asked that all nonmandatory court fees and fines be struck from his J&S.[2] The State's memorandum requested

---

[2] Hatt did not specifically reference the DNA fee.

that the trial court impose the $500 victim penalty assessment (VPA)[3] along with the "$100 DNA fee and require that DNA be taken, though that has already occurred." At the hearing, the State again sought the DNA fee and asserted: "The order would still require DNA testing since we are amending the original one. But obviously that has already been collected." The trial court directed the State to "make a note [on the J&S] that it's already been collected" and again imposed the $100 DNA fee. In its oral ruling concerning the legal financial obligations (LFOs), the court stated:

> I will impose the $500 victim penalty assessment and the $100 DNA fee, but not the $200 filing fee. I think I found you indigent last time and maybe the time before. If I didn't, I will now. And that is why I am not imposing the filing fee. I'm not imposing the DOC fee. And I'm not imposing a collection fee. So if there's any documentation that says that I am or contemplates those fees, that language can be stricken because it is not in keeping with my Judgment and Sentence.

Accordingly, the second amended J&S required Hatt to pay the $500 VPA and the $100 DNA fee. At the bottom of the same page of the J&S that contained the fees, a handwritten notation reads, "DOC supervision fees are not ordered" and, "collection fees are not ordered." On the following page, next to the preprinted language where the trial court ordered DNA testing, is a handwritten entry that states "previously taken."

ANALYSIS

A DNA sample must be collected from all persons convicted of a felony, and every sentence imposed for such a conviction "must include a fee of one hundred

---

[3] RCW 7.68.035 mandates the imposition of a fee that is often referred to as either the "crime victim assessment" (CVA) or "victim penalty assessment" (VPA).

dollars." RCW 43.43.754(1)(a); RCW 43.43.7541. Under the plain and unambiguous language of these provisions, "the $100 DNA database fee is mandatory." State v. Thornton, 188 Wn. App. 371, 375, 353 P.3d 642 (2015). However, neither the DNA sample nor the associated fee are required if "the state has previously collected the offender's DNA as a result of a prior conviction." RCW 43.43.754(4); RCW 43.43.7541.[4] Though the imposition of LFOs are generally reviewed for an abuse of discretion, we review questions of law de novo. State v. Ramirez, 191 Wn.2d 732, 741, 426 P.3d 714 (2018).

The record is clear that the DNA collection fee at issue here is a single mandatory LFO that was imposed pursuant to sentencing in 2017 for Hatt's first felony convictions in the state of Washington. Upon resentencing in 2020, after the remand ordered in Hatt I, the court merely carried over the original mandatory LFOs it had previously imposed, and corrected the offender score and corresponding sentencing range as directed by this court. This occurred again in 2022, after the second remand from this court in Hatt II based on additional sentencing errors. The parties, and the court, appear to agree that the required sample was taken after sentencing in 2017, such that the handwritten notation "previously taken" was added to the 2022 J&S.

What is absent from the record from both the second and third sentencing hearings is any indication that the State already collected the original $100 fee

---

[4] At the time of Hatt's first sentencing, the $100 DNA fee was mandatory upon all convictions for qualified offenses. However, our legislature amended the statute in 2018 and added the phrase "unless the state has previously collected the offender's DNA as a result of a prior conviction." LAWS OF 2018, ch. 269, § 18. This exception applies prospectively to cases on appeal. State v. Phillips, 6 Wn. App. 2d 651, 677, 431 P.3d 1056 (2018). Because Hatt's case was pending appeal when the amendment went into effect, it applies in this case.

imposed pursuant to the convictions in this case. Because the 2022 J&S does not create a new or additional obligation for Hatt, and he does not assert that he has already paid this mandatory fee, he fails to establish any error by the sentencing court as to the DNA fee. Accordingly, we affirm.

_____, A.C.J.

WE CONCUR:

_____, J.

_____, J.