IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  53280-8-II |
| Respondent, | |
| v. | |
| MICHAEL SAMUEL HUDSON, JR., aka MICHEAL SAMUEL HUDSON, JR., | UNPUBLISHED OPINION |
| Appellant. | |

GLASGOW, J.—Michael Samuel Hudson Jr. pleaded guilty to five counts of first degree child rape, four counts of sexual exploitation of a minor, and one count of first degree dealing in depictions of a minor engaged in sexually explicit conduct. He committed all of these crimes against his daughter and son. Hudson appeals the exceptional sentence that the trial court imposed for counts one through five for first degree child rape. Hudson also appeals a condition of community custody that prohibits him from possessing alcohol. Hudson raises additional arguments in a statement of additional grounds for review (SAG).

We hold that the trial court erred by relying on some statutory aggravating factors that must be found by a jury and some nonstatutory aggravating factors when it imposed exceptional upward sentences for counts one through five. In addition, we hold that the alcohol-related community custody condition was proper because Hudson initially stipulated to the condition and the condition is permitted by statute. None of the arguments in Hudson's SAG undermines the validity of his

guilty plea. We remand for resentencing because the exceptional sentence on counts one through five was improper, but we affirm in all other respects.

FACTS

Between March 1, 2012 and August 5, 2017, Hudson raped his daughter who was less than 12 years old on four separate occasions, and he raped his son who was less than 12 years old on one occasion. During this time period, Hudson photographed his daughter engaging in sexually explicit conduct on four separate occasions. Hudson distributed the images of his daughter.

Hudson was initially charged with seven counts of first degree child rape, two counts of first degree child molestation, five counts of first degree possession of depictions of a minor engaged in sexually explicit conduct, and five counts of sexual exploitation of a minor. The State expressed its intent to seek exceptional sentences on all counts because if Hudson were convicted on all counts, the high offender score would mean certain counts would go unpunished. In exchange for reduced charges, Hudson ultimately pleaded guilty to ten counts, which included five counts of first degree child rape, four counts of sexual exploitation of a minor, and one count of first degree dealing in depictions of a minor engaged in sexually explicit conduct.

In the statement of the defendant on plea of guilty, Hudson outlined the underlying facts supporting each count. The parties stipulated that Hudson would be subject to the indeterminate sentencing scheme for certain sex offenses under RCW 9.94A.507. Hudson acknowledged that the trial court could impose an exceptional sentence outside the standard range.

The minimum sentence standard range for counts one through five was between 240 and 318 months. The statutory maximum term was life imprisonment. In a pretrial settlement agreement attached to the statement on plea of guilty, the parties stipulated that for counts one

through five, the State would argue for 288 months for each count, a minimum sentence within the standard range, while Hudson would argue for 240 months for each count. For counts six through ten, the parties agreed to the top of the minimum sentence standard range. The parties stipulated that all counts should run concurrently.

The parties also attached a list of "Stipulated Conditions of Sentence and of Community Custody" that included a condition that Hudson not possess or consume alcohol without prior approval and that he shall not possess or consume any controlled substances without a lawful prescription. Clerk's Papers (CP) at 24 (capitalization omitted). Hudson stipulated to these conditions "as well as any additional conditions suggested by the [Department of Corrections] Pre-Sentence Investigator as being conditions of community custody and conditions of the sentence." CP at 22 (emphasis omitted). Hudson also stipulated that all the conditions were "'crime-related'" under RCW 9.94A.703(3). *Id.*

The pre-sentence investigation submitted by the Department recommended a prohibition on Hudson's possession or consumption of alcohol, marijuana, and any nonprescribed controlled substances. For sentencing, the Department recommended confinement within the standard range.

At sentencing, on counts one through five for first degree rape of a child, the trial court imposed an exceptional upward sentence and ordered a minimum term of 365 months for each count, with a maximum of life. On counts six through nine, the trial court ordered a term of confinement of 120 months. On count ten, the trial court ordered a term of 116 months. All sentences were to be served concurrently. The trial court imposed lifetime community custody for counts one through five. One condition of community custody prohibited Hudson from possessing or consuming alcohol without prior approval from the Department and all treatment providers.

The trial court adopted findings of fact and conclusions of law to justify the exceptional sentence. The trial court included eight aggravating circumstances in its findings of fact. The first five circumstances aligned with provisions under RCW 9.94A.535(3), while the last three were nonstatutory. The three nonstatutory aggravators were: (1) all of the crimes "had a lasting and severe negative impact on the mental health of the victims," (2) "[t]he breadth of sexual abuse toward[] the victims in [counts one through nine] was pervasive," and (3) Hudson "continued acts of criminal sexual behavior toward[] the victims in [counts one through nine] after [he] became aware of a police investigation . . . about whether he had committed sexual abuse against his children." CP at 61. The trial court noted that it "would impose the same sentence if only one of the grounds . . . [was] valid." *Id.*

Defense counsel objected to the trial court's findings of fact, conclusions of law, and exceptional sentence, noting that "[n]one of the aggravating factors found by the [c]ourt were included in the information, that my client [pleaded] guilty only to the crime and without any aggravators and that he did not waive his right to a jury trial with regard to any of the aggravators." Verbatim Report of Proceedings (Mar. 18, 2019) at 69.

Hudson appeals his sentence and the alcohol-related community custody condition. Hudson also filed a SAG.

ANALYSIS

I. SENTENCING

Hudson argues, and the State concedes, that the trial court erred when it relied on five aggravating factors in imposing an exceptional sentence because those factors require jury findings

4

under RCW 9.94A.535(3). We accept the State's concession. Next, Hudson asserts that the trial court cannot use nonstatutory factors to impose an exceptional sentence. We agree.

A.  Statutory Background on Exceptional Sentences

RCW 9.94A.535 provides that the trial court can impose "a sentence outside the standard sentence range for an offense if it finds . . . that there are substantial and compelling reasons justifying an exceptional sentence. Facts supporting aggravated sentences, other than the fact of a prior conviction, shall be determined pursuant to the provisions of RCW 9.94A.537." In turn, RCW 9.94A.537(3) provides that "[t]he facts supporting aggravating circumstances shall be proved to a jury beyond a reasonable doubt," unless the defendant stipulates to the existence of the aggravating factor or waives the jury right and allows a court to make the finding necessary to support the factor.

In addition, the legislature distinguished between mitigating and aggravating factors. RCW 9.94A.535(1) provides that the court "may impose an exceptional sentence below the standard range if it finds that mitigating circumstances are established by a preponderance of the evidence." The legislature included a list of mitigating circumstances for the court's consideration, noting that the list is "illustrative only" and "not intended to be exclusive reasons for exceptional sentences." RCW 9.94A.535(1). For aggravating circumstances, the legislature further differentiated between those that can be found by a judge and those that must be found by a jury. There are only four instances where a trial court judge can independently impose an aggravated exceptional sentence without a jury, all of which rely on stipulation, the defendant's criminal history, or the defendant's offender score. RCW 9.94A.535(2). RCW 9.94A.535(3) provides, "Except for circumstances listed in subsection (2) of this section, the following circumstances are an exclusive list of factors

that can support a sentence above the standard range," and all of those factors must be considered by a jury.

On appeal we review de novo the trial court's reason to depart from the standard sentence range. *State v. Cham*, 165 Wn. App. 438, 449-50, 267 P.3d 528 (2011). RCW 9.94A.535 provides that "[i]f the sentencing court finds that an exceptional sentence outside the standard sentence range should be imposed, the sentence is subject to review only as provided for in RCW 9.94A.585(4)." To reverse a sentence outside the standard range, this court must conclude that "the reasons supplied by the sentencing court are not supported by the record which was before the judge[,] that those reasons do not justify a sentence outside the standard sentence range for that offense," or that "the sentence imposed was clearly excessive or clearly too lenient." RCW 9.94A.585(4). Here, Hudson argues that the reasons given are not valid bases for an exceptional sentence absent jury findings.

B.      The Trial Court Erred in Imposing an Exceptional Sentence

The trial court relied on five factors listed in RCW 9.94A.535(3), a section that expressly requires jury findings. At Hudson's sentencing hearing, no jury played a part in the trial court's findings of fact. We accept the State's concession that reliance on these factors was improper.

For the last three aggravating factors, Hudson argues that the trial court cannot rely on factors that do not appear in RCW 9.94A.535 to impose an exceptional sentence. Hudson is correct. While the list of mitigating factors to be considered by a trial court in imposing an exceptional sentence downward is merely "illustrative" and not exclusive, RCW 9.94A.535(1), the list of aggravating factors is exclusive, RCW 9.94A.535(2), (3). There is an expressly exclusive list of aggravating factors for a jury to determine and there is a list of only four aggravating factors that

a trial court may impose without jury findings, none of which was the basis for Hudson's exceptional sentence. The plain statutory language precludes a trial court from making up additional, nonstatutory aggravating factors.

The State relies on *State v. Fowler*, 145 Wn.2d 400, 38 P.3d 335 (2002), for the proposition that a judge may use nonstatutory factors to impose an exceptional sentence above the standard range. But Fowler sought an exceptional sentence *below* the standard range based on the presence of three statutory mitigating factors. *Fowler*, 145 Wn.2d at 403. The trial court imposed a sentence below the standard range, but relied upon mitigating factors that were not listed in the statute. *Id.* at 404-05. While the Washington Supreme Court reversed the exceptional sentence in *Fowler*, the court noted that the list of statutory mitigating factors is not exclusive. *Id.* at 405. Here, the trial court imposed a sentence above the standard range, not below.

Next, the State relies on *In re Postsentence Petition of Smith*, 139 Wn. App. 600, 603, 161 P.3d 483 (2007), to suggest that the legislative intent of Washington's Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, was for judges to have broad discretion to impose exceptional sentences tailored to individual cases. But the *Smith* court also imposed an exceptional sentence of confinement *below* the standard range, citing a mitigating factor. *Id.* at 601.[1]

Neither *Fowler* nor *Smith* establishes that nonstatutory aggravating, rather than mitigating, factors may be used to impose an exceptional sentence above the standard range.

We hold that the last three factors the trial court relied on were invalid because they were outside of the exclusive list of aggravators that the legislature allowed a judge to find. Because all

_____

[1] *Smith* also addressed the length of the community custody term, but that is not an issue in this case. 139 Wn. App. at 602-04.

of the eight factors the trial court relied on were invalid, Hudson's exceptional sentence is also invalid.

## II. COMMUNITY CUSTODY CONDITION

Hudson argues that because there was no evidence that alcohol was a factor for his charged offenses, the condition of community custody prohibiting him from possessing alcohol is improper as it is not a "[c]rime-related prohibition" under RCW 9.94A.030(10). We disagree.

The prohibition on the possession or consumption of alcohol was one of the conditions that Hudson agreed to comply with under the stipulated conditions of sentence and of community custody attached to Hudson's pretrial settlement agreement. Hudson also stipulated that all imposed community custody conditions were crime-related under RCW 9.94A.703(3). Thus, Hudson may not challenge the alcohol-related community custody condition on appeal because he stipulated to the condition as part of his plea.

But even if Hudson had not stipulated to the condition, the alcohol-related community custody condition is valid. A trial court may only impose community custody conditions authorized by statute. *State v. Kolesnik*, 146 Wn. App. 790, 806, 192 P.3d 937 (2008). Appellate courts in Washington review a trial court's decision to impose community custody conditions for an abuse of discretion. *State v. Johnson*, 12 Wn. App. 2d 201, 213, 460 P.3d 1091, *review granted*, 196 Wn.2d 1001 (2020). An abuse of discretion occurs when the imposition of a condition is manifestly unreasonable. *State v. Hai Minh Nguyen*, 191 Wn.2d 671, 678, 425 P.3d 847 (2018).

The trial court's discretionary community custody conditions include ordering an offender to "[r]efrain from possessing or consuming alcohol." RCW 9.94A.703(3)(e). A separate provision allows a court to order a defendant to "[c]omply with any crime-related prohibitions." RCW

9.94A.703(3)(f). A "crime-related prohibition" is defined as "an order of a court prohibiting conduct that directly relates to the circumstances of the crime for which the offender has been convicted." RCW 9.94A.030(10). The plain language of the statute does not require the restriction on alcohol possession or consumption to be crime-related.

In *State v. Jones*, this court held that a trial court "may order an offender not to consume alcohol regardless of whether alcohol contributed to the crime." 118 Wn. App. 199, 202, 76 P.3d 258 (2003). Jones argued that the trial court erred in imposing a community custody condition prohibiting him from consuming alcohol because there was no evidence that alcohol contributed to his offense. *Id.* at 204. This court noted that because the legislature's 1988 amendments to the SRA separated community custody conditions involving crime-related prohibitions from those prohibiting the offender from consuming alcohol, the legislature "manifested its intent that a trial court be permitted to prohibit the consumption of alcohol regardless of whether alcohol had contributed to the offense." *Id.* at 206.

Under the plain language of the statute, there is no requirement that the restriction on alcohol use and possession be crime-related. RCW 9.94A.703(3)(e). The trial court did not abuse its discretion in imposing the challenged community custody condition.

## III. STATEMENT OF ADDITIONAL GROUNDS FOR REVIEW

Hudson's SAG raises three additional claims that he argues require withdrawal of his guilty plea and remand for a corrected sentence. None of his claims merits relief.

9

A.     Plea Bargaining

    1.     Threats, intimidation, and coercion

Hudson claims that his guilty plea is invalid because his plea agreement was obtained via threats, intimidation, and coercion. Hudson specifically asserts that the prosecutor threatened to add more charges if the plea deal was not accepted and intimidated Hudson because he was being held in the Clark County Jail. Hudson requests withdrawal of his guilty plea.

A prosecutor's discretion in plea bargaining is not "'unfettered,'" and prosecutors may not exercise their discretion in a manner that violates due process. *State v. Moen*, 150 Wn.2d 221, 227, 76 P.3d 721 (2003) (quoting *Wayte v. United States*, 470 U.S. 598, 608, 105 S. Ct. 1524, 84 L. Ed. 2d 547 (1985)). But otherwise, prosecutors are vested with broad discretion when determining whether to charge a crime or enter into a plea bargain. *Moen*, 150 Wn.2d at 227.

Hudson does not cite to any case that concludes that either a prosecutor's threat to bring more charges or the general jail environment coerces a defendant to such a degree that due process is violated. We hold that this claim is meritless because the prosecutor was within their discretion to indicate that Hudson could face additional charges should he decline the plea deal. Moreover, Hudson noted in his signed statement on plea of guilty that he made the plea freely and voluntarily, and that no one threatened him in order for him to plead guilty. When the trial court asked at Hudson's plea hearing whether he made the plea freely and voluntarily, Hudson responded that he did and that no one had threatened to harm him. Hudson may not withdraw his guilty plea on this basis.

2.      Ineffective assistance of counsel

Next, Hudson argues that his counsel provided ineffective assistance in facilitating his signing of the plea agreement despite the coercive prosecutor. Hudson claims that, but for his counsel's errors, he would not have signed the plea agreement, rendering a different outcome for his case.

The Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution guarantee effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 685-86, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *State v. Grier*, 171 Wn.2d 17, 32, 246 P.3d 1260 (2011). Ineffective assistance of counsel is a two-pronged inquiry. *Grier*, 171 Wn.2d at 32. To prevail, Hudson must show that his counsel's performance was deficient and that counsel's deficient performance prejudiced him. *Id.* at 32-33. A failure to prove either prong ends our inquiry. *State v. Hendrickson*, 129 Wn.2d 61, 78, 917 P.2d 563 (1996).

Hudson has not demonstrated that his counsel's performance was deficient. Hudson initially faced 19 counts, including 7 counts of first degree child rape. The plea reduced the number of counts to 10. Defense counsel's role in Hudson's plea agreement, whatever it may have been, can be viewed as a legitimate strategy to get Hudson fewer charges and a reduced sentence.

B.      Same Criminal Conduct

Hudson argues that counts one through four and ten amount to the same criminal conduct. From his understanding, the above counts stem from one incident when he forced his son and daughter to have sexual intercourse in order to get permission to go swimming at the local pool. In addition, Hudson argues that counts six through nine represent the same criminal conduct. Hudson raises these arguments for the first time on appeal.

Under RCW 9.94A.589(1)(a), "if the court enters a finding that some or all of the current offenses encompass the same criminal conduct[,] then those current offenses shall be counted as one crime." "'Same criminal conduct,' as used in this subsection, means two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim." RCW 9.94A.589(1)(a). The defendant bears the burden to establish each element to determine whether the offenses stemmed from the same criminal conduct. *State v. Hatt*, 11 Wn. App. 2d 113, 142, 452 P.3d 577 (2019), *review denied*, 195 Wn.2d 1011, *cert. denied*, 141 S. Ct. 345 (2020).

We hold that Hudson's same criminal conduct claim is meritless. Counts one through four explicitly detail first degree rape of a child, each on an occasion separate and distinct from the other counts, with the date range for the sexual abuse occurring between March 1, 2012 and August 5, 2017. In Hudson's signed statement on plea of guilty, he indicated that counts one through four represented "separate and distinct" offenses committed against his daughter. CP at 16. Similarly, Hudson indicated in his statement that counts six through nine represented "separate and distinct" offenses committed against his daughter. CP at 17.

At Hudson's plea hearing, the trial court questioned whether counts one through five involved separate and distinct occasions, to which Hudson responded that they did. At the same hearing, Hudson admitted that counts six through nine involved four separate occasions where Hudson permitted his daughter to engage in sexually explicit conduct that would be photographed. While Hudson may have possessed the same criminal intent for the counts committed against his daughter, he admitted that the counts he pleaded guilty to were based on separate and distinct occasions. Thus, he has failed to show any of his convictions involve the same criminal conduct.

No. 53280-8-II

CONCLUSION

We remand for resentencing because the exceptional sentence on counts one through five was improper, but we affirm in all other respects.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Glasgow, J.

We concur:

_____
Sutton, A.C.J.

_____
Maxa, J.

13